### JAROWSKI v. HAMBURG–AMERICAN PACKET CO.

(Circuit Court of Appeals, Second Circuit. March 8, 1911.)

#### No. 273.

APPEAL AND ERROR (§ 355*)—TIME OF TAKING PROCEEDINGS—EXTENSION OF TIME BY CONSENT OF PARTIES—ESTOPPEL.

Where the attorneys for a party, having by stipulation retained the papers in error proceedings presented to them for examination and acceptance until after the expiration of the six months allowed for taking such proceedings, stipulated that they might be filed nunc pro tunc, argued the case in the appellate court, and after reversal retried it in the court below without objection, they will not be heard to urge the invalidity of the entire error proceedings, because the writ was not sued out within the statutory time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1924, 1925; Dec. Dig. § 355.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by Beckie Jarowski against the Hamburg-American Packet Company. From the judgment, plaintiff brings error. On motion by defendant to vacate order found in 182 Fed. 320, 104 C. C. A. 548. Denied.

On motion by the defendant to vacate and set aside an order of this court, made December 15, 1910, denying the defendant's motion to vacate the judgment of this court reversing the judgment of the Circuit Court entered March 3, 1909, and to expunge from the records of this court the judgment of reversal entered June 24, 1910. The defendant also asks this court to declare

null and void its mandate to the Circuit Court, dated June 25, 1910, and to dismiss the writ of error sought to be prosecuted by the plaintiff from the judgment of the Circuit Court, entered March 3, 1909, dismissing the complaint.

F. M. Brown and A. L. Brougham, for the motion.

Jacob Manheim, opposed.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. In May, 1902, the plaintiff was seriously injured while a passenger on the steamship Columbia, owned by the defendant. In December, 1903, she began an action to recover damages for the injuries so received. The cause was tried in December, 1908, and the complaint was dimissed, and judgment entered March 3, 1909. The plaintiff sued out a writ of error dated November 1, 1909. On June 14, 1910, this court reversed the judgment, and on November 15, 1910, the action was again tried, and a verdict of $7,000 for the plaintiff was found by the jury. On December 5, 1910, the defendant made a motion similar to the one in hand, asking that all proceedings subsequent to the entry of the first judgment dismissing the complaint be set aside as void, because the writ of error to review the said judgment was not sued out within six months after the entry of the judgment. The motion was denied by this court. The present motion, involving the same fundamental question, was made without permission of this court.

It is true that the writ of error was not sued out within six months; but the papers submitted by the plaintiff abundantly show that long prior to the expiration of that period the plaintiff's attorney presented the papers on appeal, including the writ of error, to the defendant's attorney for the purpose of having him examine and accept them. The time to consider these papers was extended for the accommodation of the defendant's attorney by written stipulation until after the expiration of the six months from March 3, 1909. When the papers were presented for filing, the attention of the plaintiff's attorney was called to the fact that the time had expired by the clerk of the Circuit Court. He immediately notified the attorney for the defendant, who expressed regret that such a situation had been brought about by an effort to accommodate him, and suggested and signed a stipulation that the writ of error might be filed nunc pro tunc. Without characterizing the action of the defendant's attorneys in making these motions, we deem it sufficient to say that, if they intended to rely upon the objection now made, they should have taken it before the argument on the appeal in this court and before the new trial. Their action, in legal effect, was a consent to the acceptance of the situation which was brought about by their failure to present the question when the plaintiff's rights might have been otherwise protected. Having appeared and argued the appeal, permitted the judgment of reversal to be entered, and taken part in the new trial without objection, they cannot avoid the adverse verdict by contending that the former judgment, that by their conduct they recognized as having been properly reversed, is still binding on the parties.

The motion is denied.