## SUPREME COURT—IN BANCO.

### APRIL TERM—1870.

*Hartwell and Widemann, J. J.*

### MAUGHAN'S WILL.

A DEVISE to widow for life and at her death to children in fee, gives the children a VESTED INTEREST, fixed not by the death of the widow before them, but by the will itself. It is a VESTED REMAINDER.

Case submitted on agreed statement.

The following are the material facts submitted, viz : Joseph Maughan, sen., died in Honolulu, in March, 1853, testate, leaving certain land on the Island of Oahu, thus disposed of in his will, which was duly probated: "I give, devise, and bequeath to my wife, Hannah Maughan, during her lifetime, on condition that she provide for, and take charge of my son Joseph Maughan, all that property," etc. ; "at her decease, said property to be equally divided between my two children, Joseph and Elizabeth Maughan, share and share alike."

The son, Joseph, died in November, 1859, devising all his property to the said Hannah Maughan, mentioning in his will, "my half of the land," devised as aforesaid. His will was duly admitted to probate. The said Hannah Maughan died in June, 1859, leaving Nancy Wirt, her sister, and party to this action, as her sole surviving blood relation. The daughter, Elizabeth, survives, and is a party to this action. The question submitted is, whether by the terms of the will of the senior Maughan, any devisable estate vested in the son Joseph before the widow's death, and whether the widow's heir, Nancy Wirt, or the daughter, Elizabeth, is entitled to the son's half.

30

A. F. JUDD, FOR THE DAUGHTER, ELIZABETH MAUGHAN COLBURN.

If this was a contingent estate, by the common law it was not devisable. We claim that the contingency of the son surviving the widow, and the fact that he did not survive her, and that at her death there was no person in being, designated by the will, to take the fee, is decisive of this case, provided the common law upon the subject is to be declared the law of this country. The testator having no interest in this land which he could devise by will, the entire estate was vested in the daughter. 2 Wash. Real Prop., 224.

R. G. DAVIS, FOR NANCY WIRT.

The will of the son, Joseph, must hold good. He had a vested interest in the land, possession of which, by himself or his heirs, was postponed to the widow's death. His *interest* was fixed, not dependent on his going to Rome, or doing anything, or upon any condition. The authorities are uniform. 4 Ken, 267; the Zupplien case.

HARTWELL, J.: If, by the common law of England and the United States, the terms of the senior Maughan's will would give a devisable interest, we have only to say whether the law of this Kingdom conforms thereto.

This case has been presented amicably, to obtain the ruling of the Court; but as its decision must affect future cases, if it shall stand as the law of the land, we have not omitted to examine fully the authorities and principles involved.

We have to aid us, in the first place, the elaborate opinion of his Honor, the Chancellor, in the Zupplien Will case. It was necessary, there, to decide whether an estate devised in trust for the widow and son during her life, and at her death, to the son and his heirs in fee, vested in the widow upon the son dying before her; it was held that the estate did not vest in the widow by lapse, but that at her death, the trustees must pay over the principal to the executors of the son's will.

We think the opinion referred to, and the authorities cited therein, cover the present case, and correctly state the law of the land, to-day.

Aside from other considerations, a ruling by a Justice of this Court, so long acquiesced in by the community, should have great weight. *Minime sunt mutanda quæ interpretationem certam semper habuerunt.* "The great object in questions of property is certainty, and if an erroneous or hasty determination has got into practice, there is more benefit derived from adhering to it than if it were overturned. Many estates may be enjoyed under the authority of Coulsen *vs.* Coulsen, the titles to which would be shaken if the decision in that case were overruled. It is an established rule to abide by former precedents where the same points come again into litigation, as well to keep the scales of justice even and steady, and not liable to waver with each new Judge's opinion, as also because the law in that case being solemnly declared and determined, that which was before uncertain and perhaps indifferent, is now become a permanent rule, which it is not in the breast of any subsequent Judge to alter or vary from, according to his private judgments, but according to the known laws and customs of the land; not delegated to pronounce a new law, but to maintain and expound the old one." Per Lord Mansfield, in Hodgson *vs.* Ambrose, Dougl., 34. We cite the above for its excellent statement of the principles which govern the rulings of this Court, but which we are often urged by counsel to set aside. There are exceptions to the rule of *stare decisis,* but this is not one of them. The remainder fixed by Maughan's will in his two children, upon the death of the widow, was created by the same instrument with her life interest, and was equally vested, *in interest,* although not in present enjoyment.

This bequest was absolute, and was not made on condition that the child survive the widow. If the survivorship of the child were intended by the testator as a condition precedent

to the vesting of the legacy, he should have said so, or given some intimation of such intention by express words, or by limiting the estate over to some other person if the child should not survive. Van Wyck *vs.* Bloodgood, 1 Bradf., 172.

The gift is to the children *by name*, share and share alike, so that there is no joint tenancy or survivorship, but they hold as tenants in common. There was, at the testator's death, a fixed right of future enjoyment of the property, contingent upon no uncertain event, for the widow was sure to die at some time, and not upon the legatee being personally ready to enjoy the property at her death. Even a contingent remainder may be alienated or devised, where the contingency is not in the person who is to take, but merely in the event, the person being ascertained. Wash., Real Pr., 238.

"It is not important to the vesting of a legacy in remainder, that the legatee in remainder should survive the life tenant, since both interests vest at the death of the testator, and the legatee in remainder predeceasing the life tenant, only passes that interest to the next of kin of him entitled in remainder." 2 Redf. Law of Wills, p. 506.

"No degree of contingency of an enjoyment in possession by the remainder man of the estate limited to him, affects the question of its being vested or contingent." *Ib.*, p. 242. 2 Wash. Rep.

But to add to the authorities cited in the Zupplein case is unnecessary. If a testator intend that no benefit shall accrue to his children *or their heirs*, unless they survive the widow having the life interest, he must in some manner express such intention. The will gave the son a vested interest, and his will, devising the same to his mother, must be sustained. Nancy Wirt, as sole heir of the mother, is entitled to the son's interest in the devised land, and Elizabeth Maughan Colburn takes her share under her father's will.

Let judgment be entered accordingly, the costs to be equally divided.

Honolulu, April 27th, 1870.