# JOHN II ESTATE, Limited, *v.* R. KAHINU MELE.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 16, 1902.          DECIDED JULY 2, 1902.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

Under former Circuit Court Rule 15C, if that rule is still in force, providing that a bill of exceptions may be filed with the Clerk in the absence of the Judge, absence of the Judge from his chambers during a part of a day only, as during the noon hour, is not sufficient.

### OPINION OF THE COURT BY FREAR, C.J.

Defendant moves that plaintiff's bill of exceptions be stricken from the record on the ground that it was not presented to the trial judge or allowed or signed by him within the time prescribed by law and the rules of the court.

It seems to be conceded on both sides that the bill was not filed or presented within the time prescribed by law or the rules of court. Plaintiff's sole contention is that the time was extended by stipulation and that the bill was filed and presented within the time stipulated. The stipulation was to the effect that the plaintiff might have five days after the transcription of the testimony in which to file the bill. We will assume that the time might be extended by stipulation without the approval of the court and that the stipulation in question was intended to extend the time for presenting although it in terms purported to extend the time for filing only. The bill was filed April 22, 1902,

within the time stipulated, but was not presented to the judge or called to his attention until June 9, 1902, long after the expiration of the time stipulated.

Plaintiff contends that the filing alone was sufficient under the old Circuit Court Rule 15C, which provides, among other things, that, "Bills of exceptions are to be presented to the Judge who presided at the trial within the time prescribed by law, and in case of his absence they may be filed with the Clerk whose duty it shall be to present the same to the Judge at the earliest opportunity; and he shall endorse thereon the day and hour of filing." The judge states in his endorsement of allowance on the bill that he was not absent from Honolulu but was in attendance at his chambers on April 22, 1902.

The plaintiff contends that "absence" here includes mere temporary absence from the court house, as at the lunch hour, as well as absence from the city. If that were so, the rule, which follows the statute in so far as it requires the bill to be "presented," except in case of the judge's absence, would practically permit the bill to be merely filed in any case, as, for instance, if the judge happened to be in the library or clerk's office, or in any other part of the court house than that in which he was sought. The rule was evidently intended to provide for cases in which the bill could not be presented to the judge on account of his inaccessibility, as when absent from the city or possibly confined at home by protracted illness.

The motion is granted and the bill of exceptions is ordered stricken from the record.

*Magoon & Peters* for plaintiff.

*Robertson & Wilder* for defendant.