ELIZABETH K. BOOTH *v.* J. H. SCHNACK AND MAN-
UEL SILVA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 3, 1909.            DECIDED DECEMBER 6, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

EXCEPTIONS, BILL OF—*presentation.*

A bill of exceptions must be presented to the judge who pre-
sided at the trial. With certain exceptions not applicable in this
case, presentation to another judge will not suffice.

ID.—*absence of judge.*

Mere absence of the presiding judge from the court house  the
judge being in the city and accessible, will not excuse failure to
present to him a bill of exceptions.

OPINION OF THE COURT BY PERRY, J.

This was an action of ejectment. The trial was had before
a jury, circuit judge Robinson presiding, and a verdict was ren-
dered October 11, 1907. Plaintiff filed motions for judgment
non obstante veredicto and for a new trial, both of which were
denied in October, 1907. The time for presenting a bill of
exceptions was duly extended "to the 9th day of December,
1908." No attempt was made by plaintiff to file or present
the bill of exceptions prior to December 9, 1908. On the last
named date he made search for Judge Robinson in his court-
room and at his chambers and, "to the best recollection and
belief" of the affiant making an affidavit on the point, also at
the judge's home but without success. He then handed the
bill to a clerk of the circuit court for filing, at the same time
informing the clerk that he was unable to find Judge Robinson.
At the suggestion of the clerk presentation of the bill was then
made to Judge De Bolt of the same circuit, the latter endors-
ing on the bill a memorandum of such fact, all of this occur-

ring on the same date. The bill was not presented to Judge Robinson nor was his attention called to it prior to November 12, 1909, on which latter date he allowed the bill and endorsed on it a memorandum of such allowance. From an affidavit by Judge Robinson it appears that on December 9, 1908, "he was in Honolulu and was either at his chambers at the court house or at his residence during said day" and that "he was not inaccessible during said day by reason of absence from the city, illness or otherwise." The defendants now move to dismiss the bill on the ground that it was not presented to the judge or allowed or signed by him within the time prescribed by law or within the extended time.

In Sec. 1862 of the Revised Laws it is provided that "the presiding judge" may under certain circumstances reserve certain questions of law for the consideration of the supreme court; in Sec. 1863 that any question may be reserved in like manner upon motion on account of any opinion or ruling of "the judge" in any matter of law, and in Sec. 1864 that a party may allege exceptions to any such opinion or ruling and that these when reduced to writing and presented to "the judge" within a time stated and found conformable to the truth shall be allowed and signed by "the judge," but that if "the judge" shall refuse to allow them their truth may be otherwise established,—with the proviso that further time may be allowed by "the judge" in his discretion and that under certain circumstances the exceptions need not be written out or presented or allowed by "the judge" within the stated time but may be written out and allowed by "the judge" and filed with the clerk at any time, and that any such exceptions whether so written and allowed by "the judge" or so written whether allowed by "the judge" or not may within a certain other stated time or such further time as may be allowed by "the judge" "be incorporated in a bill of exceptions and presented to *the judge,* and being found conformable to the truth shall be allowed and signed by him." It seems to

us to be too clear to require argument that the judge contemplated by the statute, to whom the presentation of a bill of exceptions is to be made, is the one who presided at the trial and not any of his associates; and likewise that the presentation must be to the judge himself and not to the clerk of the court or to any other official. We do not mean to be understood as holding that a delivery to the clerk may not under any circumstances suffice. It may be, for example, that if the appellant within the time provided by law calls the judge's attention to the fact that he has ready his bill of exceptions and if the judge thereupon directs manual delivery to the clerk, this would constitute a presentation to the judge within the meaning of the statute. As to that we express no opinion. The facts in the case at bar are wholly different. The judge's attention was not called to the preparation or filing or desired presentation of the bill and he was ignorant of these facts for nearly a year. The mere delivery to the clerk constituted under all of the circumstances of this case a mere filing in the court and not a presentation to the judge.

It may be, too, that cases may arise where the presentation to the presiding judge may be excused and where presentation to an associate judge or to his successor in office or a mere filing with the clerk may suffice to preserve the rights of the appellant. For example, Sec. 1654, R. L., provides that a successor or an associate may allow exceptions when the presiding judge "shall die or cease to be a judge by resignation, removal or otherwise or absent himself from the Territory or because disabled by reason of illness or other cause without having * * * allowed or signed" such exceptions, but the case at bar clearly does not fall within any of the exceptions named in this section.

Rule 15 of all the circuit courts of this Territory, promulgated May 1, 1893, if it is still in force and not in conflict with the statute, as to which we express no opinion, provides that "in case of his" (the judge's) "absence" bills of exceptions

"may be filed with the clerk whose duty it shall be to present the same to the judge at the earliest opportunity." This, however, is not a case of "absence" such as is contemplated by that rule. As held in *John Ii Estate* v. *Mele,* 14 Haw. 311, 312, "the rule was evidently intended to provide for cases in which the bill could not be presented to the judge on account of his inaccessibility as when absent from the city or possibly when confined at home by protracted illness." The judge was in the city, not confined by illness, either at his home or at the courthouse and easily accessible. If "absence" were to be held to include "mere temporary absence from the courthouse as at the lunch hour" or at his home in the city "as well as absence from the city * * * the rule, which follows the statute in so far as it requires the bill to be 'presented' except in case of the judge's absence, would practically permit the bill to be merely filed in any case, as, for instance, if the judge happened to be in the library or clerk's office or in any other part of the courthouse than that in which he was sought." *Ii Estate* v. *Mele,* supra. The present rule of the circuit court of the first circuit contains nothing to aid the appellant on this motion.

Counsel for the appellee expressly admitting that the extended time includes the 9th day of December, 1908, we have assumed this to be the fact.

The motion is granted and the bill is dismissed.

*Magoon & Weaver* for plaintiff.

*A. G. M. Robertson* for defendants.