## FREDERICK S. KNIGHT *v.* ALFRED W. CARTER, TRUSTEE, ET AL.

### No. 1866.

ARGUED SEPTEMBER 3, 1930.                    DECIDED SEPTEMBER 8, 1930.

PERRY, C. J., PARSONS, J., AND CIRCUIT JUDGE STEADMAN
IN PLACE OF BANKS, J., ABSENT.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit in equity, instituted by one Frederick S. Knight, to compel the performance of a trust and the payment of a legacy.

On April 25, 1912, a deed was executed by Annie T. K. Parker, then an unmarried woman, to Alfred W. Carter, conveying certain valuable lands and other property, comprising in the aggregate the property known as the Parker Ranch on the Island of Hawaii, upon certain trusts therein specified. The trust was to continue in force and operation until the death of the survivor of the grantor and her mother, Elizabeth J. Knight. It was provided that until certain existing indebtedness of the trust estate should be paid off and after paying for certain permanent improvements and stock purchases the trustee should pay out of the net income the sum of $2000 per month to the grantor and the further sum of $1000 per month to her mother and should apply the remainder of the net income to the payment of the said indebtedness, the making of the improvements and the stock purchases. The trustee was also authorized to expend up to $5000 per year out of the net income for certain stated charitable purposes. It was further provided that after the payment of the existing indebtedness and after making the other deductions already referred to the trustee should pay each and every month during the remainder of the term of the trust fifty per cent of the entire net income of the trust estate to the grantor and twenty-five per cent to Elizabeth J. Knight, —with the proviso that said amount so paid each month should not be less than $3000 to the grantor and not less than $1500 to Elizabeth J. Knight. The trustee was further authorized to expend, after the payment of the indebtedness and the making of provision for the other deductions, the remaining twenty-five per cent of the net income for charitable and public welfare purposes and for the purchase of real estate and in the making of other investments. The grantor expressly reserved to herself, in the event of her death before her mother, the power "to bequeath and dispose of" by will "all the income which would

have been paid to her if she had survived until the termination of the trust," and also in the same event "to bequeath, devise and dispose of all the principal of the said trust estate existing at the said time of the final termination of the trust;" and in the deed the trustee was expressly directed to pay the said income (that which the grantor would have received if she had lived until the termination of the trust), and to convey at the death of the grantor the principal of the trust estate, "to the person or persons appointed to receive the same respectively by the will of" the grantor. It was expressly provided that in the event of the failure of the grantor to bequeath and dispose of by will all or any portion of the income which would have been paid to her if she had survived until the termination of the trust the trustee should after the death of the grantor and until the termination of the trust "pay said income or said portion thereof so unbequeathed and undisposed of to the person or persons who would be entitled to receive the property" of the grantor if she should be intestate at the time of her death and in the same proportions, and that if the grantor should fail to bequeath, devise or dispose of by will all or a portion of the principal existing at the termination of the trust the trustee should at such termination convey the "said principal or said portion thereof so undevised, unbequeathed or undisposed of" to the person or persons who would have been entitled to receive the property of the grantor if she had died intestate at the time of the termination of the trust and in the same proportions.

After the execution of the deed of trust the grantor married Henry Gaillard Smart.

On January 16, 1914, a will was executed by Annie T. K. Parker Smart containing eight clauses. The first directed the payment of debts and funeral expenses. The second was a bequest of all of the "personal goods and

effects" of the testatrix. The third was a bequest of all of her "household furniture and goods and effects." The sixth was a request, addressed to her husband, children and descendants, not to transfer, pledge, mortgage or assign their respective interests in the income of the capital of the trust estate given by the will and not to sell or mortgage their respective interests in the Parker Ranch. The seventh was a statement that the provisions in the will made in favor of the husband were in lieu of his right of curtesy and the eighth was a nomination of executors. The fourth clause was as follows: "Fourth: If I die before my mother, Elizabeth J. Knight, and therefore before the termination of the trust established by me under trust deed dated April 25, A. D. 1912, * * * to Alfred W. Carter as Trustee, I, acting under and by virtue of the power given me under said trust deed and also under and by virtue of every other right and power hereunto enabling me, do hereby give, bequeath and dispose of all the income of the trust estate established by said trust deed which would have been paid to me if I had survived until the termination of the said trust (to-wit, the death of the survivor of my said mother and myself), as follows, and do hereby appoint the following persons to receive the same, and do hereby direct the trustee under said deed of trust to pay the said income until the termination of said trust, as follows: I give and bequeath to my said husband, Henry Gaillard Smart, the entire income so long as he shall live, subject, however, to the termination of said trust, and I request my said husband, Henry Gaillard Smart, to give, until the termination of said trust, to each of my children from the time that he or she becomes of age, one share of two-thirds of said entire income, and I further request my said husband, Henry Gaillard Smart, in case of the death of any of my children before the termination of said trust leav-

ing lawful issue surviving, to give to such issue the share of said income which he would otherwise have given to the child so dying. Should my said husband, Henry Gaillard Smart, be dead at the time of my death, I give and bequeath said entire income to all of my children then living and the lawful issue then living of any deceased child, such issue taking by right of representation." The fifth clause was as follows: "Fifth: Whether I die before or after or together with my mother, Elizabeth J. Knight, I do hereby, acting under and by virtue of the power given me under said trust deed and also under and by virtue of every other right and power under or independent of and apart from said trust deed hereunto enabling me, give, bequeath, devise and dispose of all the rest, residue and remainder of my estate, both real and personal, wherever situated and of whatever nature, whether legal or equitable, vested or contingent, present or future interests, including all the principal of said trust estate established under said trust deed and existing at the time of the final termination of the trust, (to-wit, the death of the survivor of myself and my mother, Elizabeth J. Knight), to the following named persons, in the following amounts respectively, and I hereby appoint the following persons to receive the said principal of said trust estate at the termination of said trust, in the following proportions respectively, and do hereby direct the Trustee under said trust deed to convey, transfer and deliver the said principal of said trust estate at the said termination of said trust, to the following named persons in the following sums and proportions specified respectively, conditioned, however, in each case, on the survival of the person until the termination of the trust established by said trust deed: to my husband, Henry Gaillard Smart, $50,000, to my step-father, Frederick S. Knight, $25,000, to my aunt, Harriet Dowsett, widow of my de-

ceased uncle, James I. Dowsett, $5,000, to my aunt, Martha Dowsett, wife of my uncle, A. C. Dowsett, $5,000, to my aunt, Annie Kirkaldy, $5,000, to my aunt, Marion Worthington, $5,000, to my uncle, Samuel Dowsett, $5,000, to my aunt, Eva Woods, $5,000, to my aunt, Helen Widemann, $5,000, to my uncle, Ernest Parker, $5,000, to my uncle, James Parker, $5,000, to my brother-in-law, Richard Davis Smart, Jr., $5,000, to my brother-in-law, Wyatt Aiken Smart, $5,000, to my brother-in-law, Frank Pelzer Smart, $5,000, to my sister-in-law, Ella Aiken Smart, $5,000, to my cousin, Ilene Maguire, daughter of my deceased aunt, Mary Maguire, $5,000, to my cousin, Charlotte Dowsett, $5,000, to my friend, Suzette C. Newton, $3,000, to my friend, Harriet Bradford, $3,000, to Keao Kailikini, $500, to Wailaahia Kailikini, $500, to Mary Silva Freitas, $500, to my friend, Alfred W. Carter, as evidence of my appreciation of his many services to me, $10,000.

"I further give and bequeath to my husband any and all of the above legacies which shall or may lapse by reason of any legatee not surviving the termination of said trust.

"I give, devise and bequeath all of the rest, residue and remainder of said property, after said payment of said legacies, to my said husband, Henry Gaillard Smart, and I request my said husband, Henry Gaillard Smart, to give to each of my children, from the time that he or she becomes of age, one share of two-thirds of the net profits from said rest, residue and remainder of said property, and in case of the death of any of my children before that time, leaving lawful issue surviving, to give to such issue the share of said net profits which he otherwise would have given to the child so dying.

"Should my said husband, Henry Gaillard Smart, be dead at the termination of said trust, I give, devise and bequeath all of the rest, residue and remainder of said

property, after said payment of said legacies, to my children who shall be living at the termination of said trust, in equal shares if more than one and to the lawful issue who shall survive until the termination of said trust, of my children who shall die before that time, taking by right of representation the share the parent would have taken if he or she had survived until that time."

The testatrix died on November 17, 1914, and her husband on November 2, 1915. A son, Richard Smart, and the mother, Elizabeth J. Knight, are still living. Frederick S. Knight, who at the date of the execution of the will was the husband of Elizabeth J. Knight and was the petitioner who instituted this suit, died during the progress of these proceedings and H. M. von Holt, administrator of his estate, was thereupon substituted as party complainant. Motions were filed by Elizabeth J. Knight, now Elizabeth J. K. Bernieri, and by the administrator of the estate of Mrs. Smart and by the Trent Trust Company, Limited, as guardian of the estate of Richard Smart, that the bill be dismissed on the ground that the payment of the legacy of $25,000 herein sued upon "was conditioned upon the complainant surviving the life of Elizabeth J. Knight Bernieri." The circuit judge sustained the motions and dismissed the bill; and from his decree to that effect the case comes by appeal to this court.

The sole issue presented upon the pleadings is one of the construction of the will. The rules relating to the construction of wills have been so often stated and considered by this court that no detailed restatement of them in this case is necessary. It is sufficient to say that the purpose of the court must be to ascertain and to declare the intent of the testatrix as it was expressed in the will.

It is clear and undisputed that in and by the deed of trust the grantor reserved to herself the right to appoint by will those who were to take after her death the income

which, if she had survived until the termination of the trust, would be payable to her under the terms of the deed; and that she reserved also to herself the right to appoint by will the persons who were to receive the principal of the trust estate. It is abundantly clear from a reading of the will that in the preparation and the execution of the will she had in mind these reservations of power set forth in the deed and that by the fourth and fifth clauses of the will she intended to exercise her powers of appointment. In the fourth clause she referred expressly to "the trust established by me under trust deed dated April 25, A. D. 1912, * * * to Alfred W. Carter as Trustee," and in that clause, as well as in the fifth clause, declared that she was "acting under and by virtue of the power given me under said trust deed" as well as by virtue of every other power thereto her enabling. It is equally clear that while by the fourth clause she provided for the disposition of the income (which under the deed of trust would be payable to her if she had survived until the termination of the trust) in the event that her husband, Henry Gaillard Smart, should die before her and also provided for the disposition of the income in the event that her husband should survive her and should continue living until the termination of the trust, she did not prescribe how the income should be disposed of for the period succeeding her husband's death if he should survive her but die before the expiration of the trust,—which latter was what actually happened.

The contention of the appellant is that the fifth clause is a residuary clause and disposes not only of the principal but also of all income not in the will otherwise disposed of. Whether the fifth clause, if taken in its entirety (it consists of four paragraphs) is a residuary clause and how, if so, it disposes of income not in the fourth clause bequeathed, is a question which does not arise in

this case. The bequest of $25,000 to Frederick S. Knight is made only in the first paragraph of the fifth clause and is not in any wise repeated or amplified by anything contained in the other paragraphs of the same clause. As we read the will, income only was disposed of by the fourth clause and principal only was disposed of by the first paragraph of the fifth clause. The bequest in that paragraph is stated to be of "all the rest, residue and remainder of my estate, both real and personal, wherever situated and of whatever nature, whether legal or equitable, vested or contingent, present or future interests, *including* all the principal of said trust estate established under said trust deed and existing at the time of the final termination of the trust." The word "including," it need hardly be said, is susceptible, as used in wills, deeds and other documents, of two meanings. It may be used in the sense of "comprising" or in the sense of "containing, among other things." It may be used as introducing a restatement in another form of that which has been already stated or it may be used as introducing a statement of one or more things which, together with others, comprise the things referred to in the first and more general designation. In our opinion it was used in this instance as meaning that the preceding general statement referred to principal only. In the paragraph under consideration (the first of the fifth clause) income is not expressly referred to. In the fourth clause it was the evident intent to refer to all income. In the first paragraph of the fifth clause, in the same sentence already under consideration, the testatrix appoints the persons named in the schedule to receive "the said principal of said trust estate at the termination of said trust" and directs the trustee to convey and deliver "the said principal of said trust estate at the said termination of said trust" to the same persons, —just as though she were dealing, as we think she was,

with principal only. The qualification expressed in the same sentence that "in each case" the bequest was conditioned "on the survival of the person until the termination of the trust" is likewise consistent only with the theory that the principal only was being disposed of. Principal distributable at the termination of the trust would be transferable to persons then living, while income distributable in installments throughout a period preceding the termination of the trust would be payable to persons living at the respective dates of payment but who might not survive until the end of the trust. The argument of the appellant at this point is that the condition was intended to apply only in the event that the specific bequests enumerated should be paid out of principal but was not to apply in case they should be paid out of that part of the income which was undisposed of by the fourth clause. The best that can be said of this contention is that if that was the intention of the testatrix she chose a most unfortunate and most unusual method of stating it. The will was not inartificially drawn. It was evidently prepared by counsel learned in the law. If the intention was as contended for by the present appellant it would naturally be supposed that something would be found in the language which was used to indicate that intention. There is a wide difference between a bequest to be paid unconditionally out of income and a bequest to be paid out of principal and only upon the condition of survivorship named. It would be natural to expect that if the intention was that claimed for it the testatrix would have expressly stated whether an unlimited discretion was being vested in the executrix or trustee to pay either out of income absolutely or out of principal conditionally, or, if the discretion was not to be an unlimited one, what was to guide those officials in the exercise of the choice.

The construction contended for by the appellant is at

best a most strained one and cannot be adopted consistently with the general scheme of the will or with the other provisions and indications contained in the will.

The first paragraph of the fifth clause, standing by itself, does not provide for a disposition of all of the residuum. It provides merely for the payment of the precise sums named in that paragraph, amounting in the aggregate to $162,500. The value of the Parker Ranch does not appear in the record. Counsel for the appellant at the argument said that it was "inconceivable" that that value was not greatly in excess of $162,500. There is no indication in the will that the testatrix believed that the bequests of $162,500 would dispose of all of the principal of the trust estate and the will seems to have been drawn with the thought that the total principal and income would be in excess in value of $162,500.

In the second paragraph of the fifth clause the testatrix bequeaths to her husband "any and all of the above legacies which shall or may lapse by reason of any legatee not surviving the termination of said trust." This is consistent with the view that all of the legacies in the schedule are conditional upon survivorship and, omitting as it does all reference to a supposed absolute payment out of income, is hardly consistent with the construction contended for by the plaintiff.

The record shows, as is conceded by counsel on both sides, that the net income of the trust property, in the years immediately following the death of the testatrix, was such that all that accrued during a period of four years and ten months would be required to meet these scheduled legacies, amounting in the aggregate to $162,-500. The appellant's construction if adopted would result in leaving the child of the testatrix without any income during that period of almost five years in the event that the trustee or the executors should choose to exercise

their discretion by paying the scheduled legacies out of income and not out of principal and that, too, without any restriction upon or direction to those officials as to what the circumstances were which might justify them in so depriving the child of all income. This is but another consideration tending to show the unsoundness of the construction contended for and the improbability that the testatrix intended to give any such authorization to the trustee or the executrix.

Whether the third and the fourth paragraphs of the fifth clause can be held to operate as a residuary provision need not be considered. The beneficiaries there named are the husband, Henry Gaillard Smart, and the children. Frederick S. Knight is not named in them as a beneficiary. His claim under the first paragraph cannot possibly be strengthened by anything that is said in the third or the fourth paragraphs.

In our opinion the bequest of $25,000 to Frederick S. Knight, contained in the first paragraph of the fifth clause, was payable out of principal only and was expressly conditioned upon his survival of the termination of the trust. He did not survive and the bequest cannot take effect.

The decree appealed from is affirmed.

*B. S. Ulrich* (*Ulrich & Hite* on the brief) for complainant.

*W. L. Stanley* (*Smith, Warren, Stanley & Vitousek* on the brief) for the administrator and guardian.

*A. Withington* (*Robertson & Castle* on the brief) for the trustee.

*H. T. Kay* (also on the brief) for Elizabeth J. Knight Bernieri.