## IN THE MATTER OF THE TRUST OF EMMA DREIER, DECEASED.

### No. 2011.

ARGUED JUNE 12, 1931.                    DECIDED JUNE 17, 1931.

### PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

In this proceeding in equity the trustee filed his accounts and suggested that under the terms of the deed of trust and by reason of the facts as they have occurred the trust should be terminated. A decree was entered terminating the trust. From that decree the case comes by appeal to this court.

Emma Dreier transferred to a trustee in trust one hundred and twenty-five shares of the capital stock of August Dreier, Limited, an Hawaiian corporation, the shares being at that time of the par value of one hundred dollars each. The donor recited in the instrument that

the trust was created "in consideration of love and affection for her son Emile Dreier, * * * who is at present non compos mentis, and in consideration of love and affection for her grandson Edward Dreier, the minor son of said Emile Dreier, and in consideration of the discontinuance, at her request" by Emile's guardian ad litem "of proceedings heretofore pending in the circuit court of the first judicial circuit for the Territory of Hawaii, whereby the said Emile Dreier, through his said guardian ad litem, contested the validity of the last will and testament of August Dreier, husband of the donor." The purposes of the trust were declared to be as follows: "to pay from the net income of said trust property after payment of all expenses of the administration of said trust, including a reasonable commission to the trustee, the sum of fifty dollars ($50.00) per month to Caroline Dreier, wife of said Emile Dreier, for and during the term of her natural life, and to pay the balance of said net income to said Emile Dreier for his support and maintenance or so much thereof as may be necessary for that purpose, and the balance of said income, if any, for the support, maintenance, education and advancement of Edward Dreier, grandson of the donor; said donor hereby directing and providing that if the income so set apart for the support, maintenance, education and advancement of said Edward Dreier is not required or is not all required for the time being for said purposes or for the support of said Emile Dreier as aforesaid, such surplus income shall be added to the principal and shall accumulate as a part thereof to be disposed of as a part of said principal as hereafter provided.

"And the donor further directs and provides that any part or portion of said income required as aforesaid for the maintenance and support of the said Emile Dreier shall be paid for that purpose to the donor, to be expended

34

by her and according to her best judgment in the support of the said Emile Dreier.

"Upon the death of the said Emile Dreier and of the said Caroline Dreier, this trust shall cease and the entire trust estate or so much thereof as shall then be remaining shall be conveyed and delivered free and clear of the trusts hereby created to the said Edward Dreier, grandson of the donor, as and for his absolute and sole property, if he, the said Edward Dreier, shall then be alive. And if he then shall have deceased, said trust estate shall be conveyed absolutely to such person or persons as he, the said Edward Dreier, shall by last will and testament name to receive the same and failing such appointment then his heirs at law. But if the said Edward Dreier shall decease unmarried before attaining his majority, then the trust estate or so much thereof as shall then be remaining, shall be conveyed and delivered free and clear of the trusts hereby created to the children of the said donor and/or their heirs at law."

Edward died unmarried after having reached the age of legal majority. Emile also is dead. Caroline is living. Edward did not exercise the power of appointment.

It is the contention of the appellee that under a correct construction of the terms of the trust, upon the death of Edward, Caroline became his sole heir, that the remainder in fee thereupon became vested in her and that since she was the sole surviving life tenant entitled to income the whole beneficial interest was in her and therefore the trust terminated. On the other hand it is contended on behalf of the appellants that the heirs of Edward are determinable not as of the date of the death of Edward but as of the date of the death of Caroline, that the trustee still has active duties to perform and that the trust should not be terminated.

The direction of the donor that "upon the death of

the said Emile Dreier and of the said Caroline Dreier this trust shall cease," standing by itself, is clear and unambiguous. It indicates her desire that the trust shall continue to exist until both Emile and Caroline are dead. She provided that Caroline should have fifty dollars per month out of the income and that Emile should have for his support and maintenance the whole of the remainder of the income or as much thereof as might be necessary. The provision is that upon the death of these two beneficiaries the corpus of the trust shall be "conveyed and delivered" to Edward, who was the son of Emile, if he, Edward, "shall then be alive." In other words, Edward was not to take the corpus unless he survived both Emile and Caroline. This requirement that in order to take Edward should survive both of the life tenants strengthens the view that the intention was that the trust should continue until the death of the survivor of the two. While Edward was given the power to name who should take the trust estate in the event of his dying before the expiration of the trust period, that is, provided he himself should attain the age of majority, it is apparent that the authority so given him was to appoint one or more takers who should be alive upon the death of Emile and Caroline. Emile having died and Caroline being still alive, the intention was, we think, that Edward should nominate some one other than Caroline. While there are sometimes circumstances under which the intended period of a trust must be shortened, as for example where all of the beneficial interests have become vested in one person and no active duties remain to be performed by the trustee, nevertheless the direction that upon the death of the survivor of Emile and Caroline the property should be "conveyed and delivered" to the final takers indicates that the donor had in mind takers other than Emile and Caroline. At the time named for distribution, Emile and

Caroline must, necessarily, both be dead—and therefore neither could be appointed as a remainderman or become such as an "heir at law." For the same reasons we think that, failing an appointment by Edward, the "heirs at law" of Edward who were to take were those who should be heirs at law, not at the date of the death of Edward, but at the date of the death of the survivor of Emile and Caroline. It has been expressly held in this jurisdiction that, while primarily the word "heirs" imports those who are entitled under the law immediately upon the death of a decedent, it is also susceptible of meaning those who would take if the decedent had died at a later time such as that which is named by the testator or grantor as the date of distribution. *Crescent City Motors* v. *Nalaielua,* 31 Haw. 418, 422. In this instance the donor has named as the time for conveyance, delivery and distribution the death of the survivor of Emile and Caroline. In our opinion, by "heirs at law" she intended those who would be Edward's heirs if he had lived until the death of the survivor of the two. If Edward had died unmarried and before attaining his majority the direction was that the corpus should be "conveyed * * * to the children of the said donor and/or their heirs at law." Here again the indication is that the takers should be persons who would be living at the termination of the trust and able at that time to receive the conveyance and delivery. The "children" of the donor who would take under those circumstances would be those who survived the trust period and the "heirs at law" of any children who did not survive would in turn be those who would be heirs of the children at the termination of the trust.

The argument advanced on behalf of the appellee seems to have been based, in part at least, upon the theory that Edward was given a vested remainder and that upon his exercise of the power of appointment the title would

pass from him to his nominees. We do not so understand the provisions of the deed. The grant to Edward of the power of appointment did not carry with it inferentially the title to the property. "The mere existence of a power confers no right of property or interest on the donee or grantee." 31 Cyc. 1088, 1089. The donee of a power of appointment need not hold any title in order to fully perform the discretionary power vested in him.

The decree appealed from is reversed and the case is remanded to the circuit judge with instructions to refuse, under existing circumstances, to declare the trust terminated.

*B. S. Ulrich* and *A. W. A. Cowan* (*Ulrich & Hite* and *A. W. A. Cowan* on the brief) for petitioner.

*A. G. M. Robertson* (*Robertson & Castle* on the briefs) for respondents.

### CONCURRING OPINION OF BANKS, J.

My reason for thinking that the trust has not yet terminated is that under the terms of the trust deed there could be no distribution of the corpus of the estate either to Edward, if he were living, or to his heirs now that he is dead, until the death of Caroline, the surviving beneficiary of the trust. Until that event the trust continues and the corpus is not distributable. When she dies, and not until then, the trust will cease and the corpus will become the property of those who are then Edward's heirs. The trust deed is the law of the case.