**VON HOLT v. CARTER et al.**

No. 6438.

Circuit Court of Appeals, Ninth Circuit.

Feb. 15, 1932.

Ulrich & Hite, of Honolulu, Hawaii, and Carl W. Carlsmith, of Hilo, Hawaii, for appellant.

Smith, Warren, Stanley & Vitousek, L. J. Warren, W. L. Stanley, and R. A. Vitousek, all of Honolulu, Hawaii, for appellee Trent Trust Co.

H. T. Kay, of Honolulu, Hawaii, for appellee E. J. Knight Bernieri.

A. G. M. Robertson, A. L. Castle, and A. Withington, all of Honolulu, Hawaii, for appellee Carter.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

**SAWTELLE, Circuit Judge.**

This is a suit in equity to compel performance of a trust and distribution of a legacy.

Annie T. K. Parker Smart was the owner of valuable property, both real and personal, in the territory of Hawaii. On April 25, 1912, she executed a deed of trust whereby she conveyed to a trustee her entire estate, reserving, however, a monthly income during her lifetime. She died testate on November 17, 1914. Her will was duly admitted to probate in the circuit court of the First judicial circuit of the Territory of Hawaii. Provisions were made therein, upon certain conditions therein set forth, for the disposition of the estate at the termination of the said trust to designated beneficiaries, including Frederick S. Knight, her stepfather.

This suit was instituted by appellant testator Knight to establish his claim as one of the named legatees. Upon his death, his administrator, with will annexed, was substituted as complainant. The suit involves merely the construction of the language of the will of the testatrix. Both the circuit court and the Supreme Court of the Territory of Hawaii, 31 Haw. 535, decided adversely to appellant's contention.

The decree of the Supreme Court appealed from was entered and filed on September 30, 1930, and the petition for the allowance of the appeal, together with the assignments of error, was filed with the Clerk of the Supreme Court on December 30, 1930. The petition was not presented for allowance, or allowed by, the Chief Justice or any of the justices of the Supreme Court within three months after the entry of the decree. On February 9, 1931, appellees made a motion to disallow the appeal for the following reasons: (1) Said petition was not filed within three months after the entry of the decree referred to therein; (2) no petition or application for appeal was presented to the Chief Justice or any justice of the Supreme Court authorized to act thereon within three months after the entry of said decree; (3) no petition or application for appeal was presented to the Chief Justice or any justice of the Supreme Court authorized to act thereon and acted upon by such within three months after the entry of such decree; (4) no bond on appeal has ever been approved by any such justice.

Affidavits were filed in support of and in opposition to said motion. In the affidavits made by the attorneys for appellant, it is stated that the petition was filed on December 30, 1930, with the clerk of the Supreme Court of the territory of Hawaii, and that affiant "did inform said Clerk that said petition was then and there filed for presentment to the Honorable Antonio Perry, Chief Justice of said court, and that said Clerk did then and thereupon accept for filing and presentment as aforesaid said petition, and did then and thereupon place upon said petition the filing mark and stamp of said court."

The affidavit of the clerk of the court on that subject is as follows:

"That the said [attorney for appellant] did not at the time aforesaid or at any time inform him, the affiant, that the said petition was filed for presentment to the Honorable Antonio Perry, Chief Justice of said court, or to any of the Justices of said court, and that he, the affiant, did not accept and/or file the said petition for presentment thereof as aforesaid or with any understanding that he, the affiant, would present the same to the said Chief Justice or to any of the Justices of said court.

"That no request was made upon him, the affiant, by the said [attorney for appellant], at the time of the filing of said petition for appeal as aforesaid, or at any time, for the presentment of said petition to the said Chief Justice or to any of the Justices of said court, and that at the time of the filing of said petition the said [attorney for appellant] made no reference whatsoever to the matter of the presentment of the same, and made no statement in regard to the said petition other than that in regard to the matter of a bond he would await the return of W. L. Stanley—said W. L. Stanley being one of the counsel for Trent Trust Company, Limited, respondent-appellee, and who was then absent from the Territory."

Hearing upon the motion was had on March 13, 1931, and the Chief Justice, as disclosed by the minutes of the court, stated: "A motion is presented to disallow the appeal of petitioner from the decision and decree of the Supreme Court of Hawaii to the United States Circuit Court of Appeals for the Ninth Circuit. The merits of the motion I do not consider or decide but leave the question to be determined by the Appellate Court. The appeal is allowed and the bond is fixed in the sum of $500.00."

Appellant, in his brief, contends that the "petition for allowance of the appeal, together with the assignment of errors on appeal, were regularly filed with the Clerk of the Supreme Court of the Territory of Hawaii within the three months' period allowed within which to make application for

the appeal;" "that the application was 'duly made' in the manner contemplated by the law and the rules of this Court;" and that "an examination of the law and the rules of this Court indicates no requirement whatever that a petition for the allowance of an appeal be handed personally to a Justice, and, on the contrary, indicates that the proper practice is to file it with the Clerk." Appellant quotes and relies upon the first sentence of rule 11 of this court: "The appellant shall file with the clerk of the court below, with his petition for appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged."

We think, however, that this rule does not lend support to appellant's theory, in that it provides further: "No appeal shall be allowed until such assignment of errors shall have been filed. Citation shall issue immediately upon the allowance of the appeal."

█ The facts herein bring this case squarely under the rule laid down by the Circuit Court of Appeals for the Sixth Circuit in the case of Ross v. White, 32 F.(2d) 751. That case is so exhaustive in its citations of authorities discussing the question here involved, and is so well-reasoned, that any repetition here of the points there considered would be superfluous. It is clear that the mere filing of a petition for appeal in the clerk's office, even though addressed to the Court, is of no avail, unless accompanied by an allowance of an appeal by the Court, and cannot be considered an application "duly made" within the language of the statute which in terms refers to an "allowance."

In this connection we might add that under section 2515 of the Revised Laws of Hawaii, bills of exception are required to be presented to and allowed by the trial judge, and it has frequently been held that a mere filing of the bill with the clerk is not sufficient. See John Ii Estate, Ltd., v. Kahinu Mele, 14 Haw. 311; Widemann v. Ah In, 7 Haw. 262; Booth v. Schnack, 19 Haw. 659. In the last case the Supreme Court of the territory said: "* * * It seems to us to be too clear to require argument that the judge contemplated by the statute, to whom the presentation of a bill of exceptions is to be made, is the one who presided at the trial and not any of his associates; and likewise that *the presentation must be to the judge himself and not to the clerk of the court or to any other official.* We do not mean to be understood as holding that a delivery to the clerk may not under any circumstances suffice. It may be, for example, that

if the appellant within the time provided by law calls the judge's attention to the fact that he has ready his bill of exceptions and if the judge thereupon directs manual delivery to the clerk, this would constitute a presentation to the judge within the meaning of the statute. As to that we express no opinion. The facts in the case at bar are wholly different. The judge's attention was not called to the preparation or filing or desired presentation of the bill and he was ignorant of these facts for nearly a year. The mere delivery to the clerk constituted under all of the circumstances of this case a mere filing in the court and not a presentation to the judge." (Italics our own.)

While the instant case depends upon the interpretation of the Judicial Code and of rule 11 of this court, nevertheless the above-quoted case shows the strictness of construction placed upon appellate procedure by the courts of the territory.

The fact that the formal "Order allowing an appeal and fixing amount of bond" and "Citation" were filed and issued respectively on March 14, 1931, five and one-half months after the entry of the decree, makes the primary question here one of jurisdiction. 28 USCA § 230, regulates the *time* within which an appeal shall be allowed: "No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

█ The order of the Chief Justice on March 13, 1931, on the facts disclosed by the record herein, could not and did not extend the statutory three-month period.

The court in the case of Ross v. White, supra, held that to give the appellate court jurisdiction appeals must be sued and filed in the court below within the time prescribed by law, and that this requirement cannot be waived by the parties. As said by the Supreme Court in the case of Old Nick Williams v. United States, 215 U. S. 541, 544, 545, 30 S. Ct. 221, 222, 54 L. Ed. 318, "When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter. * * * The delay in the present case [applicable here] in taking out the writ of error was not the act of the court, but of petitioner. At all events, petitioner might have brought its writ of error within the time prescribed by stat-

ute, and the court had no power to allow it after the time limited had expired."

It follows that this court is without jurisdiction to consider the appeal.

Appeal dismissed.