BISHOP TRUST COMPANY, LIMITED, EXECUTOR UNDER THE WILL AND OF THE ESTATE OF WILLIAM WORTHINGTON, DECEASED *v.* COOKE TRUST COMPANY, LIMITED, SUCCESSOR-TRUSTEE UNDER DEED OF TRUST MADE BY RICHARD SMART, DATED JUNE 15, 1933, AND RICHARD SMART.

NO. 2866.

ARGUED NOVEMBER 7, 1952.          DECIDED JANUARY 16, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The facts in this case as they appear in the record by pleadings and stipulations of the parties are undisputed and simple but the question raised is not free from doubt and difficulties.

On June 15, 1933, Richard Smart, just after reaching his majority, conveyed ("assign, transfer and deliver") certain bonds to Alfred W. Carter as trustee in trust for the following uses and purposes, that is to say: "To demand, receive and collect the interest arising from said bonds, and after deducting the usual trustee's commission thereon, to pay the same to my grand-aunt Marion Worthington, residing at San Francisco, California, semiannually or at such other stated periods as shall be convenient, so long as she shall live, and upon her death, to assign, transfer and deliver said bonds to William Worthington, son of said Marion Worthington, together with any undistributed interest upon the same which said trustee may have in hand at the time of her death."

The trustee was empowered to sell the bonds, or any of them, or to exchange the same for other sound securities and "in the event of any such sale or exchange the proceeds thereof shall thereupon become a portion of the corpus of this trust and kept invested as such, subject to the provisions hereof."

The settlor reserved no power of modification or control over the acts of the trustee or over the disposition of the income or principal of the trust and there are no

express provisions regarding survivorship of remainder-man.

The trustee accepted his trust but is now deceased and the Cooke Trust Company, Limited, is the successor-trustee.

At the inception of the trust Richard Smart was twenty years old; his grand aunt, Marion Worthington, was forty-eight years old and her son, William Worthington, was then twenty-eight years old and unmarried.

William Worthington died during the continuance of this trust and was survived by both his mother, Marion Worthington, and the settlor, Richard Smart.

The petitioner, Bishop Trust Company, Limited, is executor under the will and of the estate of William Worthington, deceased, and brought this petition for declaratory judgment, declaring that it holds as an asset of the estate of William Worthington, deceased, disposed of by his will, a vested remainder interest in the corpus of this trust estate. The settlor claims that the gift to William Worthington was an equitable remainder contingent or conditional upon his surviving Marion Worthington and that there is a resulting trust in the settlor of the corpus after the death of the equitable life tenant.

The settlor's argument is that the only gift to William is found in his direction to the trustee to "assign, transfer and deliver" said bonds to William Worthington upon the death of Marion Worthington, that this language imports a gift of the bonds at a future time, not presently, annexing to the gift itself the condition that William survive Marion.

There is also involved the question of the correctness of the trial court's denial of motions by the petitioner and settlor for the allowance of reasonable attorney's fees out of the trust estate. The settlor sued out a writ of error to review the rulings of the trial court holding that the

corpus of the trust is an asset of the estate of William Worthington, deceased, and denying an attorney's fee out of the corpus of the trust.

The cardinal rule governing any trust requires that the intention of the settlor as expressed shall prevail unless contrary to some positive rule of the law. As stated by Mr. Justice Pitney in *Chater* v. *Carter,* 238 United States Reports 572, 59 Law Edition 1462, at page 1490: "The guiding principle must be, to seek the intention of the settlor. We mean, of course, his intention as expressed. Not, What did he intend to say? but, What did he intend by what he did say? must be the test." (See also *McCandless* v. *Castle,* 25 Haw. 22.)

As the trust deed was voluntary and irrevocable and reserved to the settlor no control over the acts of the trustee or over the disposition of the income or principal of the trust and the settlor parted with complete title to or interest in the property, we might say that the trust deed for all practical purposes of construction may be considered similar to a testamentary disposition. (*Bishop* v. *Kemp,* 35 Haw. 1; *Bertelmann* v. *Cockett,* 24 Haw. 230.)

With a gift of property to "A" for life, with remainder to "B," or a testamentary disposition of such nature, there would be no question that "B" would have a vested interest that is transmissible, whether he survived his life tenant or not, unless there are conditions of survivorship or other conditions expressly stated.

"A remainder is vested when it is limited to an ascertained person or persons with no further condition imposed upon the taking effect in possession than the determination of the precedent estate. * * * 'Wherever the preceding estate is limited, so as to determine on an event which certainly must happen, and the remainder is so limited to a person in esse, and ascertained, that the preceding estate may by any means determine before the expiration

of the estate limited in remainder, such remainder is vested' has also been quoted widely." (33 Am. Jur., Life Estates, Remainders, Etc., § 66, pp. 525, 526.)

"A remainder limited to one or more ascertained persons without words of condition, is vested. * * * In many cases the remainder is vested even though there is no certainty that it will take effect in possession. * * *" (1 Simes, *Law of Future Interests,* § 72, p. 109.)

"A testamentary gift to A for life or for a term or in trust for A's life, and, at A's death, or at the end of the term, to B, presumptively gives B an interest which is transmissible on his death prior to the death of A. The reason has already been elaborated in connection with the discussion of vested and contingent remainders in land. Where the words 'at his death' or 'at the end of the term' occur, it is natural to suppose that this was but a popular, though at times inaccurate paraphrase of the statement that the gift over was to take effect in possession 'at the termination of the preceding estate.' If an interest is to take effect in possession at the termination of the preceding estate without other conditions precedent, it is vested. A group of cases apparently falling within this classification consists of those where the gift is contained only in a direction to divide and pay over to the legatee or group of legatees, but in which the court does not discuss the 'divide and pay over' rule as an independent rule." (2 Simes, *Law of Future Interests,* § 354, pp. 98, 99.)

Apparently the settlor's attorney gives great weight to the direction to the trustee to "assign, transfer and deliver," contending that this is a future gift and lays weight on what in substance is the so-called divide and pay-over rule, though he disclaims that he is advocating the adoption of this so-called rule.

In the present case the "interest is to take effect in possession at the termination of the preceding estate"

(Simes, *supra*) ; that is, at the death of the life tenant; certainly there is no express condition precedent nor any expression in the trust deed from which any condition precedent may be implied and the court cannot remake the instrument by supplying missing words.

The gift is absolute to the trustee; complete title is parted with, and the only qualifications are that all the interests are equitable and the gift of the corpus cannot actually be enjoyed by the remainderman until the preceding life estate has expired.

This gift being of personal property to a trustee to pay the income to one for life and upon the termination of the life interest, the trustee having legal title, must necessarily "assign, transfer and deliver" the bonds in order to transfer the legal title to the equitable owner. This is not a limitation of or condition upon the gift.

In view of the wide-spread criticism of the "divide and pay" rule, it should not be necessary to comment at great length on this rule for the purposes of determining the vested or contingent character of future estates, though the cases are legion dealing with the rule. The classic statement of this rule, as expressed by the New York courts in the leading case of *Re Crane,* 164 New York 71, 58 North Eastern Reporter 47, is: "Where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested." There are numerous variations of the phraseology of the so-called rule. It is a rule which occasionally is declared to have some utility; the reason claimed for its existence is that as a direction to pay or divide and can be executed only in the future, it cannot be executed at all if in the meantime the intended donee shall die. The rule was originally applicable in construing wills but there appears no obvious reason why it should not be equally applicable to deeds, trusts, etc., effective *inter vivos.*

The most common application of this rule is where the gift is to a class and the beneficiaries as to identity and number can be definitely ascertained only at a future time; but, where the gifts are to designated individuals even the New York courts, which might be termed the originators of the so-called rule, refuse to apply this rule. *In Re Lamb,* 169 New York Supplement 614, stated: "There is brought to attention no instance where the direction was to pay at the death of the life beneficiary to a named adult person competent to take, and the gift was held not to vest at the testator's death, unless there were other evidence of such intention." See also *In Re Levy's Will,* 12 New York Supplement (2d) 799, which stated "even where there are no words of present gift and the only words of gift are found in such direction to 'divide and pay over' in the future, if the direction to pay over is not to pay over to a class which can be determined only upon the death of the life tenant, but is a direction to pay over to remaindermen specified by name, the interests of those remaindermen thus named will vest in them at testator's death, *in spite of the fact that the words of gift are not in the present tense but are, rather, in a direction to pay over at a future time.*" (Emphasis added.)

Numerous cases also hold that the absence of gift over or the absence of words of survivorship may be indicative of the intention that the gift shall vest at once. (*Estate of Isenberg,* 28 Haw. 590; see also note to *Ohio National Bank* v. *Boone,* 139 Ohio St. 361, 40 N. E. [2d] 149, in 144 A. L. R. 1150, 1165.)

In the instant case there are no words of survivorship nor is there any gift over.

In trust deeds, as in wills, the intention of the donor must be ascertained from the documents as a whole and from the surrounding circumstances, so decisions of more or less similarity are of little aid in obtaining a result

except so far as they purport to state general rules.

However, we shall briefly review the Hawaiian cases mainly relied upon by counsel for appellant, the chief one being *Chater* v. *Carter*, 22 Hawaii 34, where there was a transfer of certificates of stock to a trustee, the settlor writing a letter directing the trustee "to cause the dividends to be paid to her [settlor's daughter] during the three years from January 1st next and if she shall then be living to transfer the shares to her * * *." The beneficiary had recently married and was expecting a child; the settlor feared she might not survive childbirth, as was actually the case, the daughter dying prior to "January 1st next." The court concluded, taking into consideration the letter creating the trust and trusts for other children, and the surrounding circumstances, among which was the failure to provide for the expected child of the daughter, and the *express* requirement of survivorship to the end of the three-year period "from January 1st next" as a condition precedent to the beneficiary receiving the certificates, indicated the grantor's intent that the income should be paid during the three-year period only if and so long as the beneficiary survived, stating: "There is an absence of any satisfactory evidence of an intention that in the event of the death of Mrs. Chater the dividends should be paid to her estate. *In case of doubt the interest should be held to be vested rather than contingent but we think upon the whole that it sufficiently appears that the gift was intended to be solely to Mrs. Chater personally,* was contingent upon her being alive at the time the direction to pay was to take effect, and lapsed by reason of her death before that time." (Emphasis added.)

In *Carter* v. *Davis*, 18 Hawaii 439, the language expressly requires survivorship. The direction to the trustee on the termination of the trust was "to convey and transfer the said estate or to pay and deliver over the proceeds

* * * in equal shares to such of the said children as shall then be living and to the heirs and legal representatives of any who shall have hereafter deceased."

In the case of *Spreckels* v. *Spreckels,* 21 Hawaii 556, the question of whether survivorship was required could not be raised since both takers had in fact survived.

*Auld* v. *Andrade,* 31 Hawaii 1, held where, under the provisions of a will, a gift to a class is postponed, as a rule the members take who are in existence at the arrival of the time for distribution unless particular language confines the gift to those in existence at the testator's death or who are in existence at the date of the will.

In *Bertelman* v. *Kahilina,* 14 Hawaii 378, the widow took a life estate subject to be divested upon condition of certain payments by the sons.

*Estate of Isenberg,* 28 Hawaii 590, held, among other things, that the mere postponement by a testator of the time of possession or enjoyment does not make contingent a gift otherwise vested.

*Hawaiian Trust Company* v. *McMullan,* 23 Hawaii 685, held that a gift of an annuity for a specified time does not terminate with the life of the annuitant.

In *Knight* v. *Carter,* 31 Hawaii 535, a bequest was held under the language of the will to be conditional upon the survivorship of the legatee until a stated time.

The case of *Re Trust of Dreier,* 32 Hawaii 32, related to a devise to a class. It was held that the members of the class are ascertained at the end of the trust period.

On the other hand, in *O'Brien* v. *Walker,* 35 Hawaii 104, the trust deed provided for the payment of the income to the children of the settlor until the death of the last surviving child. It was held that each child took a vested interest in the income until the death of the last surviving child and that this income was alienable and devisable.

Among the Hawaii cases cited by appellee is that of

*Zupplein* v. *Austin,* 6 Hawaii 8, where a trust was created for the term of the life of the grantor's wife with income payable one half to the wife and one half to the son during the life of the wife, with the remainder going to the son, his heirs and assigns, upon the termination of the life estate. The son predeceased his mother, leaving a will devising all of his property to his wife. The court held that the son's devisee was entitled to one half of the income during the period of the trust term and that at the widow's death the principal was to be delivered to the son's executor to be disposed of according to the terms of his will.

*Maughan's Will,* 3 Hawaii 233, related to a devise to a widow for life and at her death to the children in fee; it was held this gave the children a vested interest. A son died before the termination of the widow's life interest but his remainder was held to be a vested one, transferable and devisable.

Counsel for the settlor further sets forth in his bill what may be called, for lack of a better term, an "argumentum ad hominem" by contending that the attorney for the settlor who drew the instrument was a justice of this court who had written opinions in the *Chater* and *Spreckels* cases and therefore that he, and the settlor through him, used the words "assign, transfer and deliver" with the intent to express the meaning that he had ascribed to the language in the *Chater* and *Spreckels* cases. In view of the uncertainty that these words caused in those cases, necessitating going to the Supreme Court of the United States in one and at least our own supreme court in the other to obtain the meaning thereof, the argument would seem to work the other way, that the draftsman would have used language so plain it could not be misunderstood. In other words, if a condition of survivorship were intended to be annexed to the gift he would say so in no unmistakable terms. It would have been so

simple to add "if he be then surviving" or make an alternative provision if the remainderman were not surviving, neither of which was done in this case. So, if this argument means anything, it would seem to be the reverse of what is claimed by the settlor's attorney.

It may well be that the settlor never thought of the possibility of the life tenant (the mother) surviving her son, the remainderman. This is all too frequently the case and that is where the expert draftsman should call attention to this ever-present possibility.

In conclusion, we hold the remainder, being limited to an ascertained person without words of condition, vested immediately and is transmissible on the death of the remainderman prior to the death of the life tenant.

Inasmuch as the Bishop Trust Company, Limited, executor under the will and of the estate of William Worthington, deceased, did not assign error to review the order of the circuit court entered denying its motion for the allowance of attorney's fees, we have before us the motion of the settlor, plaintiff in error, for the allowance of an attorney's fee.

As a general rule each party to litigation must pay his own counsel fees and such fees are not allowable in the absence of a statute, agreement or stipulation authorizing the allowance thereof. (*Dress Mfg. Co.* v. *Cadinha*, 33 Haw. 456.)

The territorial declaratory judgment statute makes no provision for the payment of counsel fees and counsel has not cited cases in this or other jurisdictions in which fees have been allowed in such actions.

If any fee is allowable in this case it would be under the rule that those who perform services beneficial to a trust estate will be compensated therefor. Various cases have been cited where this court has allowed fees where the proceeding was for the benefit of the estate and for

the interest of all parties concerned. In such cases it is necessary for the trustee to seek instructions to properly carry out his duties because of ambiguity of the trust instrument or for other reasons. Such is not the present case as the trustee's duties are to continue to pay to the life tenant the income from the trust and he could not at the present time seek instructions as to the corpus.

"The proceeding was for the benefit of the estate and in the interest of all parties concerned. Under the circumstances the trust estate should bear the costs and expenses, including a reasonable attorney's fee, of all parties affected and brought before the court." (*Wodehouse* v. *Robinson,* 27 Haw. 602, citing *Evans* v. *Garvie,* 23 Haw. 694, and *Valentin* v. *Brunette,* 26 Haw. 498.)

The case of *von Holt* v. *Williamson,* 23 Hawaii 245, held that "An unsuccessful claimant to a certain fund of a trust estate is not entitled to costs and expenses, including attorneys' fees, out of the corpus of the trust estate."

In the case at bar the services of the attorney for the settlor were in opposition to the interests of all the beneficiaries of the trust and advanced only a possible reversionary interest in the settlor of the trust. The allowance of an attorney's fee would have a direct result by lessening the income of the life tenant who is not even a party to this proceeding.

The decision and decree of the court below are affirmed.

*R. E. Brown* (*J. G. Anthony* with him on the briefs) for plaintiff in error.

*C. A. Gregory* (*Smith, Wild, Beebe & Cades* with him on the brief) for petitioner-defendant in error.

*C. D. Pratt* (*Pratt, Tavares & Cassidy* with him on the brief) for successor-trustee respondent-defendant in error.