# OLD NICK WILLIAMS COMPANY *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FOURTH CIRCUIT.

No. 26. Argued November 9, 10, 1909.—Decided January 24, 1910.

A writ of error is not actually brought until filed in the court which rendered the judgment, and the same rule is applicable to appeals. *Credit Company* v. *Arkansas Central Railway*, 128 U. S. 261.

The statutory time for taking appeals from one Federal court to another is prescribed by act of Congress and must be calculated accordingly; it cannot be extended by order of the court.

Assignment of errors does not require the previous settlement of the bill of exceptions, and failure to file the writ within the statutory time is not excused because there was delay on the part of the trial judge in settling the bill.

Assignment of errors is not a jurisdictional requirement; and, although by the rule errors not assigned are disregarded, the court at its option may notice a plain error not assigned or specified.

152 Fed. Rep. 925, affirmed.

THIS was an indictment in the District Court of the United States for the Western District of North Carolina against the Old Nick Williams Company, a corporation which was authorized to carry on the business of a rectifier, and which was convicted of violating the second paragraph of § 3317 of the Revised Statutes by the verdict of a jury finding it guilty of carrying on the business of a rectifier with intent to defraud the United States of the tax on the spirits rectified by it. The verdict was rendered November 28, 1905, and motions to set aside the verdict and for new trial and in arrest of judgment were severally made and overruled, and thereupon judgment was entered on that day sentencing defendant to pay a fine of $5,000 and be taxed with the costs. On the same day it was ordered that the defendant have ninety days to prepare its bill of exceptions, and that the attorney for the United States have

thirty days, after being served with the defendant's bill of exceptions, to make objections thereto, and that the court would settle the bill of exceptions upon ten days' notice to the attorneys of the parties, and that when filed the bill of exceptions should be deemed as made in ample time.

January 17, 1906, by consent of the parties, the court by its order further extended the time for preparing and filing defendant's bill of exceptions to March 15, 1906, and afterwards extended the time to April 1. On July 27, 1906, the court, over the objection of the attorney for the United States, made an order which recited that defendant had filed with the clerk its bill of exceptions, to which the United States attorney had filed certain objections and proposed amendments, so that the bill of exceptions had not been settled and signed by the court within six months from the date of the entry of the judgment, and the court, being of opinion that defendant was entitled, under the circumstances, to have the bill of exceptions settled and a writ of error and citation issued and served *nunc pro tunc* as within the time required by law, directed that the attorneys should appear before him August 7, 1906, and have the bill of exceptions settled and signed by the court, and further ordered that when the bill of exceptions was settled and signed and after a petition for a writ of error and assignments of error had been filed by defendant, the writ of error and citation in due form should be issued and served, all to bear date as of the fifteenth of April, 1906, that being the date on which the defendant filed its proposed bill of exceptions with the clerk, and which was within six months from the entry of the judgment. Thereafter, on September 12, 1906, defendant, having presented its petition for the allowance of a writ of error and its assignment of errors, the court signed an order allowing the writ of error and directing that the writ of error and citation when issued bear date April 15, 1906. Thereupon the writ of error was issued on September 12, 1906, as of April 15. The attorney for the United States moved to dismiss the writ of error because not sued out within six months after the entry of

the judgment. The statute restricting the time for writs of error in such cases is § 11 of the act of Congress of March 3, 1891 (26 Stat. 826, 829 c. 517), and reads:

"SEC. 11. That no appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit courts of appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed."

The writ was dismissed for the reasons given in the opinion by Morris, J., reported in 152 Fed. Rep. 925.

*Mr. Charles A. Moore*, with whom *Mr. William P. Bynum* was on the brief, for petitioner.

*Mr. Assistant Attorney General Fowler* for the United States.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The rule has long been settled that "a writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly." Taney, C. J., in *Brooks* v. *Norris*, 11 How. 204; *Polleys* v. *Black River Company*, 113 U. S. 81; *Credit Company* v. *Arkansas Central Railway*, 128 U. S. 258; *Farrar* v. *Churchill*, 135 U. S. 609; *Conboy* v. *Bank*, 203 U. S. 141.

The same rule is applicable to appeals as to writs of error. Section 1012, Revised Statutes. As Mr. Justice Bradley said in *Credit Company* v. *Arkansas Central Railway*, 128 U. S. 261:

"An appeal cannot be said to be 'taken' any more than a writ of error can be said to be 'brought' until it is, in some way, presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause, and making it its duty to send it to the appellate court."

There the appeal was allowed by Mr. Justice Miller on the last day on which an appeal could be taken (Revised Statutes, § 1008), but was not presented to the court below nor filed with the clerk until five days after the prescribed time had expired. It was held that the appeal must be dismissed, and Mr. Justice Bradley added:

✓ "The attempt made, in this case, to anticipate the actual time of presenting and filing the appeal, by entering an order *nunc pro tunc*, does not help the case. When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter."

In *Farrar* v. *Churchill*, 135 U. S. 609, it was held that a cross appeal in equity, like other appeals, must be entered within the time limited, calculating from the date of the decree, and because in that case petition, order and bond were not filed in the Circuit Court until after the lapse of two years from the entry of the decree the cross appeal was dismissed. It was ruled also that the failure to file an assignment of errors, although required by the act of Congress, and the rule of court, was not jurisdictional and could be waived. Revised Statutes, § 997; Rule 11; *School District* v. *Hall*, 106 U. S. 428.

In *Conboy* v. *Bank*, 203 U. S. 141, it was held that the time within which an appeal may be taken under § 25b of the bankruptcy act and general order in bankruptcy XXXVI runs from the entry of the original judgment or decree, and when it has expired is not revived by a petition for a rehearing, and that where the right of appeal has been lost, appellant cannot reinvest himself with that right by filing such petition, and *Credit Company* v. *Arkansas Central Railway*, 128 U. S. 258, 261, was cited with approval.

Plaintiff in error contends that the delay in settling the bill of exceptions was not its fault, but was attributable to the judicial engagements of the trial judge, and that until the bill of exceptions was settled its counsel could not intelligently

prepare the assignment of errors which should accompany the petition for the writ of error. But the assignment of errors does not require the previous settlement of the bill of exceptions, and can be formulated before that takes place. In *Waldron* v. *Waldron,* 156 U. S. 361, cited in the opinion of the Court of Appeals, the judgment was entered July 10, 1890, and the writ of error was dated July 15, 1890, but the bill of exceptions was not settled during the term, and, because of subsequent delays, not until February, 1891, yet this court held it to be in time in the circumstances. But the writ of error had already issued and been deposited with the clerk of the trial court, and after that the time for complying with it might by proper authority be enlarged. *Mussina* v. *Cavazos,* 6 Wall. 355.

As we have stated, the assignment of errors is not a jurisdictional requirement, and although by the rule errors not assigned would be disregarded, the court might at its option notice a plain error not assigned or specified.

The delay in the present case in taking out the writ of error was not the act of the court, but of plaintiff in error. At all events, plaintiff in error might have brought its writ of error within the time prescribed by statute, and the court had no power to allow it after the time limited had expired.

*Judgment affirmed.*