RHAME v. SOUTHERN COTTON OIL CO. et al.

(Circuit Court of Appeals, Fourth Circuit. November 24, 1915.)

No. 1385.

1. BANKRUPTCY ⊂⇒100—JUDGMENTS—AMENDMENT—TIME FOR AMENDMENT.

Bankruptcy Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (Comp. St. 1913, § 9609), authorizes appeals from judgments adjudging or refusing to adjudge the defendant a bankrupt, and requires such appeals to be taken within 10 days after the judgment is rendered. On February 12th defendant was adjudged a bankrupt, and on February 20th his counsel wrote a letter to the District Judge, asking for an order granting 10 days from the receipt of the transcript of the testimony within which to file the notice of appeal and exception. The District Judge received the letter on February 23d, and replied that he had no power to extend the time for appealing. A motion for rehearing was made and denied on March 17th, and on March 25th a petition was filed to amend the judgment, which was refused; the order, however, providing that the bankrupt might appeal from that order, and have the question whether the appeal from the adjudication was taken in time determined by the appellate court. *Held*, that the court, on March 25th, more than 10 days after the entry of the judgment, was without power to grant the relief sought, and its refusal of the motion to amend the judgment was strictly proper.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ⊂⇒100.]

2. BANKRUPTCY ⊂⇒461—APPEAL—TIME FOR APPEAL.

The Circuit Court of Appeals could not entertain the appeal from the adjudication, as its jurisdiction can only be acquired when the appeal is properly taken within the time prescribed by statute.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–923; Dec. Dig. ⊂⇒461.]

3. BANKRUPTCY ⊂⇒461—APPEAL—LEAVE TO APPEAL.

The appeal from the order denying the motion to amend was improvidently granted under the circumstances.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–923; Dec. Dig. ⊂⇒461.]

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston, in Bankruptcy; Henry A. Middleton Smith, Judge.

Proceeding by the Southern Cotton Oil Company and others to have Lyde R. Rhame adjudicated a bankrupt. From the judgment adjudging him a bankrupt, the alleged bankrupt appeals. Appeal dismissed.

S. G. Mayfield, of Denmark, S. C., and Thomas F. Brantley, of Orangeburg, S. C. (Mayfield & Free, of Bamberg, S. C., and Brantley & Zeigler, of Orangeburg, S. C., on the brief), for appellant.

George H. Moffett and Julian Mitchell, both of Charleston, S. C., for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. On the 19th day of December, 1914, the Southern Cotton Oil Company, Virginia-Carolina Chemical Company, and Planters' Fertilizer & Phosphate Company filed their petition praying that Lyde R. Rhame be adjudged a bankrupt. On the 31st

day of December, 1914, the said Lyde R. Rhame filed his sworn return, claiming he should not be adjudged a bankrupt, in that "his chief occupation is of one chiefly engaged in the tillage of the soil," and because he was solvent, and demanding a jury trial on the issue of insolvency. The issue of the commission of the acts of bankruptcy and of insolvency were tried before a jury at the January term of the District Court in the city of Charleston, and the verdict of the jury was rendered on the 26th day of January, 1915, finding that Lyde R. Rhame had committed the acts of bankruptcy and was insolvent.

We are met at the threshold of this case with the question as to whether or not the appellant is entitled to an appeal under section 25a of the Bankruptcy Act from the judgment of the lower court, entered on the 12th day of February, 1915. The section referred to is in the following language:

"That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States, and to the Supreme Court of the territories, in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

The record shows, among other things, that on the 20th day of February, 1915, counsel for the alleged bankrupt wrote a letter to the learned judge who heard this case in the court below which was received by him on February 23, 1915, requesting an order to the effect that:

"The attorneys for Lyde R. Rhame, alleged bankrupt, have ten days within which to file their notice of appeal and exception from the date of receipt of transcript of testimony in said case from the stenographer of said court."

In response to this letter the court below stated:

"If you had taken your appeal within the time allowed by statute I could then have extended the time within which you could have prepared your exceptions or assignments of error; but, as no appeal was taken, it appears to me that it is out of my power to extend the time for you."

Thereafter the respondent moved for rehearing on the ground of alleged errors of fact and errors of law committed by the court below, and on March 17, 1915, the court entered an order refusing the motion for rehearing, stating that the object of the motion for rehearing was to afford respondent an opportunity to appeal from the decree of the court made on the 12th day of February, 1915, adjudging respondent a bankrupt, and the court, among other things, said:

"There being in the opinion of the court no meritorious reason advanced for the granting of a rehearing on any grounds, it is therefore ordered that the motion for a rehearing be and the same is hereby refused."

Thereafter, on the 25th day of March, 1915, a petition was filed in the court below to have the judgment of that court amended. Among other things, the court below, in refusing the petition, said:

" * * * In the opinion of the court neither the letter nor the paper complied with the legal requirements of an appeal. They were only an application

for an extension of time, which might or might not be availed of by the party desiring the extension. The appeal might be consummated, or it might not be consummated. These papers cannot properly be considered as an appeal. The lower court should always favor the allowance of an appeal, but in view of the peremptory provisions of the Bankruptcy Act the presiding judge, notwithstanding this inclination, does not feel empowered to allow it in this case. However that may be, as it is a matter that should be finally disposed of by an appellate court, the bankrupt will be allowed an appeal from this order (if taken in time), and may urge before the appellate court that the appeal from the adjudication was taken in due time, and let that court decide the question."

[1, 2] If appellant had presented his formal application for an appeal then, it would have been the duty of the court below, upon the giving of a bond by appellant, to have allowed the appeal at any time within the 10 days; but this course was not pursued. On the 25th day of March, the day on which it was sought to amend the judgment, being more than 10 days after the entry of the judgment, the court was without power to grant the relief sought by appellant. Therefore the action of the lower court, under the circumstances, was eminently proper, and strictly in accordance with the decisions of the Supreme Court as well as the decisions of this court. Old Nick Williams Co. v. United States, 215 U. S. 541, 30 Sup. Ct. 221, 54 L. Ed. 318, and cases cited. Such being the case, we cannot entertain this appeal, inasmuch as the jurisdiction of this court can only be acquired in cases of this character when the appeal is properly taken within the time prescribed by the statute.

[3] Under the circumstances, we are of opinion that the appeal in this instance was improvidently granted. However, in this connection we deem it proper to say that a careful examination of the evidence relied upon by counsel for appellant impels us to the conclusion that the action of the lower court in refusing to grant the rehearing upon the merits of the case was proper, feeling as we do that the judgment of that court adjudicating appellant a bankrupt was amply sustained by the weight of the evidence.

For the reasons stated, the appeal will be dismissed.