## VAUGHAN v. AMERICAN INS. CO. OF NEWARK, N. J.

(Circuit Court of Appeals, Fifth Circuit. October 19, 1926.)

No. 4708.

**1. Appeal and error ⟐338(1).**

Act Feb. 13, 1925, § 8, subd. (c), being Comp. St. § 1126b, limiting time of bringing writ of error or appeal, *held* applicable to pending cases, in which judgment was not entered until after act had become effective.

**2. Appeal and error ⟐338(1).**

Congress had power to adopt law reducing time for taking appeals and writs of error, and make it apply to pending cases.

**3. Appeal and error ⟐351(2).**

Giving notice of intention to appeal was insufficient to stay running of Act Feb. 13, 1925, § 8, subd. (c) being Comp. St. § 1126b, limiting time in which appeal or writ of error may be taken.

**4. Appeal and error ⟐338(1).**

Statutes limiting time for taking appeal and writ of error are mandatory and jurisdictional.

**5. Appeal and error ⟐347(1), 353, 354.**

Statutory time for taking appeal or writ of error runs from date of judgment, and cannot be extended by waiver, agreement of parties, or order of court.

**6. Exceptions, bill of ⟐40(2).**

Trial court, although having no authority to extend time of perfecting writ of error, may nevertheless grant reasonable delay for settlement and signing bill of exceptions.

**7. Appeal and error ⟐882(21).**

No action of defendant in error can estop him from raising question whether writ of error was taken within time provided by Act Feb. 13, 1925, § 8, subd. (c), being Comp. St. § 1126b.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by J. A. Vaughan against the American Insurance Company of Newark, N. J. Judgment of nonsuit, and plaintiff brings error. Writ of error dismissed.

J. R. Whitaker, of Cartersville, Ga., and M. B. Eubanks, of Rome, Ga. (Finley & Henson, of Cartersville, Ga., on the brief), for plaintiff in error.

T. A. Hammond, of Atlanta, Ga. (Smith, Hammond & Smith, of Atlanta, Ga., and Paul H. Doyal, of Rome, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that the judgment which is sought to be reversed by the writ of error herein became final on May 25, 1925. On the same day an order was entered extending the term and allowing 90 days for perfecting a bill of exceptions. On August 12, 1925, within the 90 days allowed by the previous order, another order was entered extending the term for an additional 60 days from the date of the expiration of the original order, for the purpose of allowing plaintiff to present a petition for a writ of error and to have settled a bill of exceptions. On September 29, 1925, within the term of the second extension of time, a petition for a writ of error and a bill of exceptions were presented to the District Court. Defendant objected to the settlement of the bill of exceptions and the allowance of the writ of error on the ground that the time for taking the writ had elapsed. The District Court took the matter under advisement, and on October 8, 1925, approved the bill of exceptions and allowed the writ of error, and they were filed with the clerk on that day. However, in the course of a brief opinion, the court expressed a doubt as to the right of plaintiff in error to a review, but allowed it, in order that the appellate court might settle the point.

Defendant in error has moved to dismiss the writ on the ground that it was filed more than three months after the entry of the judgment sought to be reversed, and therefore comes too late under the provisions of Act Feb. 13, 1925. That act provides (section 8, paragraph [c] being Comp. St. § 1126b) that: "No writ of error or appeal intended to bring any judgment or decree before a Circuit Court of Appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

And further (section 14 [43 Stat. 942]): "That this act shall take effect three months after its approval; but it shall not affect cases then pending in the Supreme Court, nor shall it affect the right to a review, or the mode or time for exercising the same, as respects any judgment or decree entered prior to the date when it takes effect."

So far as we are advised, the above-quoted provisions of the Act of February 13, 1925, have not heretofore been passed upon by the courts, but their provisions are too plain to require interpretation, and the many decisions in respect to similar statutes furnish a safe guide for their construction.

[1, 2] It is evident that the writ of error in this case is governed by the provisions of the Act of February 13, 1925, as pending cases, except in the Supreme Court, are not exempted from its provisions, if the judgment was entered after the act became effective, May 13, 1925. Of course, it was competent for Congress to adopt a law reducing the time in which appeals and writs of error might be taken, and to have it apply to pending cases.

[3] It is contended by plaintiff in error that he gave notice of appeal in open court at the time the judgment was entered. This is not substantiated by the record, but it is immaterial. It may be conceded that a writ of error may be applied for by motion in open court, but merely giving notice of the intention to take such action in future amounts to nothing. The running of the statute is not stayed, unless there is some action by the court that may be construed as an allowance of the writ. Certainly that was not the case here, as the orders entered clearly indicate that it was contemplated that the writ of error would be subsequently applied for within the delay granted.

[4-6] Extended discussion of the law is unnecessary, as it is well settled that statutes limiting the time in which appeals and writs of error may be brought are mandatory and jurisdictional. The statute begins to run from the date of the judgment, and the time cannot be extended by waiver, by agreement of the parties, nor by order of the court. It was not within the province of the District Court in this case to extend the time for applying for and perfecting the writ of error, although it was perfectly proper to grant a reasonable delay for the settlement and signing of the bill of exceptions, although extending beyond the limit for taking the writ of error.

In the leading case of Brooks v. Norris, 11 How., at page 207 (13 L. Ed. 665), the Supreme Court said: "It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the Act of Congress must be calculated accordingly."

This rule has been repeatedly applied by the Supreme Court and the courts of appeal. See Old Nick Williams Co. v. United States, 215 U. S. 541, 30 S. Ct. 221, 54 L. Ed. 318, a case practically on all fours with the one at bar; Blaffer v. N. O. Water Supply Co., 160 F. 390, 87 C. C. A. 341 (Fifth Circuit); Credit Co. v. Arkansas Central Ry. Co., 128 U. S. 259, 9 S. Ct. 107, 32 L. Ed. 448; Stevens v. Clark, 62 F. 322, 10 C. C. A. 379; Camden Iron Works v. Cincinnati, 241 F. 846, 154 C. C. A. 548.

[7] Plaintiff in error further contends that defendant in error, by failing to except to the action of the District Court in settling the bills of exception and allowing the writ of error, is now prevented from raising the point in this court. This would be true as to the form of the bill of exceptions and its sufficiency, but no action of the defendant in error could estop him from raising the question as to the taking of the writ of error in time.

It follows that the writ of error in this case must be dismissed.