## GIRARD FIRE & MARINE INS. CO. v. COMMONWEALTH BUILDING & LOAN ASS'N.

Circuit Court of Appeals, Fifth Circuit.
May 10, 1929.

No. 5443.

E. G. Senter, of Dallas, Tex., for appellant.

Dexter Hamilton, of Dallas, Tex. (Cockrell, McBride, O'Donnell & Hamilton, of Dallas, Tex., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. Appellee has moved to dismiss the appeal in this case upon the ground that it was not taken within the time allowed by law.

The record shows that a directed verdict for the plaintiff was entered on January 11, 1928, and that two days later a motion for a new trial was filed, which was overruled on March 19, 1928. Defendant filed its notice of appeal on July 12, 1928. In its petition for appeal presented to this court, filed August 7, 1928, it is recited that the motion for new trial was overruled on March 19, 1928, "to which action of the court defendant excepted in open court and gave notice of appeal; that the said term of court expired on March 24, 1928." No minute entries appear in the record, and the above recital is the sole evidence of any such action in court by the defendant, appellant herein.

In view of this state of the record we cannot assume the correctness of such statement as the basis for holding that the appeal was timely taken under the law as it stood between the passage of the act of January 31, 1928, and the amendment of April 26th of the same year. 28 USCA §§ 861a, 861b. A writ of error is not sued out or brought within the meaning of the term until it is filed in the court which rendered the judgment. It is the filing of the writ which removes the record from the inferior to the appellate court, and the period of limitations prescribed by the act of Congress must be calculated accordingly. Old Nick Williams Co. v. U. S., 215 U. S. 541, 30 S. Ct. 221, 54 L. Ed. 318.

We must, therefore, consider the matter in the light of the contention of the defendant that it had six months in which to appeal under the Act of March 3, 1891, chap. 517, § 11, 26 Stat. 829. The argument is made that the act of January 31, 1928, abolished the requirement for allowance of an appeal and as a consequence section 230 of title 28, U. S. Code (Act Feb. 13, 1925, chap. 229, § 8(c), was repealed. This result is claimed because of the verbiage of the last-mentioned provision when contrasted with that of section 11 of the Act of March 3, 1891. The act of March 3, 1891, read: "No appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit courts of appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed."

Whereas, section 8(c) of the Act of Feb. 13, 1925, is in this language: "Time for making application for appeal or writ of error. No writ of error or appeal intended to bring any judgment or decree before a cir-

cuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

No attempt is made to reconcile the provisions of the two laws as they stood from the passage of the act of 1925 until January 31, 1928, each of which purported to limit the time within which proceedings should be perfected to bring up for review a case before the Circuit Court of Appeals. This is due, no doubt, to the fact that it is impossible to distinguish between what is meant in the first act (1891) by the language that "no appeal or writ of error * * * shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed"; and that of the second (1925) to the effect that "no writ of error or appeal * * * shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree." However, the ingenious contention is made that since the act of January 31, 1928, at least until it was amended by the act of April 26, 1928, did away with the necessity for the "allowance" of an appeal, it also repealed the requirement of the act of February 13, 1925, that the application therefor should be made within three months, and had the effect of restoring the provisions of the old act of 1891, above quoted, which gave six months within which to take an appeal. We are unable to grasp the logic of this reasoning.

Both the acts of 1891 and 1925 dealt with the time within which proceedings should be taken for review by the Circuit Court of Appeals of decisions of district courts, and we think the conclusion inescapable that the latter act had the effect of repealing or superseding the earlier one of 1891 by reducing the time for appeal to three months. See Vaughan v. American Ins. Co. of Newark, New Jersey (C. C. A.) 15 F.(2d) 526.

The act of January 31, 1928, as well as the amendment of April 26th of the same year, dealt solely with the procedure and method of taking an appeal, and had nothing to do with the time in which it should be done; whereas, the act of February 13, 1925, apportioned jurisdiction between the Supreme Court and the Circuit Court of Appeals, and fixed the time within which that jurisdiction could be exercised. The same section (8) in paragraph (a) also provides that no writ of error or appeal to the Supreme Court "shall be allowed or entertained unless application therefor be duly made within three months after the entry of such judgment or decree." 28 USCA § 350. There is nothing inconsistent with such provisions and the language of the second section of the act of January 31, 1928, as it stood before the amendment of April 26th, that "no petition of appeal or allowance of an appeal shall be required"; but the latter is easily reconcilable with the requirement that whatever steps should be taken looking to the perfecting of the appeal should be done within the three months provided by the act of 1925.

Even conceding that this case is to be governed by the act of January 31, 1928, before its amendment of April 26th of the same year, in that no petition of appeal or allowance thereof was necessary, the written notice required by section 2 of the act, as it stood at that time, was not filed or served upon the appellee or its attorney of record until July 12, 1928, nearly four months after the refusal of the new trial on March 19, 1928; the decree having been previously signed on the date the judgment was rendered, January 11, 1928.

The order for the appeal in this case was signed by a judge of this court, but under the state of the record above set forth it came too late, and the appeal is accordingly dismissed.