## UNITED STATES v. HALL.
### No. 3045.

Circuit Court of Appeals, First Circuit.
April 2, 1936.

Timothy A. Curtin, Atty., Department of Justice, of Boston, Mass. (Will G. Beardslee, Wilbur C. Pickett, and Young M. Smith, all of Washington, D. C., and. Francis J. W. Ford, U. S. Atty., and William J. Hession, Atty., Department of Justice, both of Boston, Mass., on the brief), for the United States.

Robert J. Rowe, of Boston, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

The plaintiff, Raymond L. Hall, brought this action April 14, 1930, in the federal District Court for Massachusetts to recover on a war risk insurance contract the monthly installments alleged to be due from the date of his discharge from the Army March 21, 1919, about which time he claimed to have become totally and permanently disabled. There was a trial by jury at the December term, 1934, and, on the 14th day of December, 1934, a verdict was rendered in the plaintiff's favor, when it was also specifically found that he became totally and permanently disabled on or before April 30, 1919, the time the policy lapsed for nonpayment of premiums. At the same term, on January 4, 1935, a formal judgment was entered in the plaintiff's favor in the "sum of ten thousand eight hundred and ten dollars ($10,810.00), being the amount of monthly installments due from April 30, 1919, to November 30, 1934, inclusive."

The cause having been continued to the March term, 1935, the record recites that on May 10, 1935, it was ordered that the plaintiff recover of the defendant "the sum of ten thousand eight hundred and ten dollars ($10,810.00), being the amount of monthly installments due from April 30, 1919, to November 30, 1934, inclusive." An appeal to this court was prayed and allowed on that date (May 10, 1935).

If the District Court had power to vacate the judgment entered January 4, 1935, the record fails to show that it ever exercised that power and vacated the judgment, and, having failed to do so, it certainly was without power to enter judgment on the 10th of May, 1935, if it attempted so to do. The judgment of Jan-

uary 4, 1935, never having been vacated and being the only valid judgment entered, in order to have a review thereof in this court an appeal should have been applied for within three months from January 4, 1935. This was not done.

▌ Then again, if the court on May 10, 1935 (at which time the defendant had lost its right of appeal from the judgment of January 4, 1935, the three-month period allowed by 28 U.S.C.A. § 230, having expired), undertook to change the date of the judgment from January 4, 1935, to May 10, 1935, so that an appeal then applied for and allowed would be seasonable, it had, on May 10, 1935, no more power to change the date of the judgment than it would have had at that time to have allowed an appeal nunc pro tunc, as of a time within the three-month period. The latter it could not do (Credit Co. v. Arkansas Central Railway Co., 128 U.S. 258, 261, 9 S.Ct. 107, 108, 32 L.Ed. 448; Old Nick Williams Co. v. United States, 215 U.S. 541–544, 30 S.Ct. 221, 222, 54 L.Ed. 318), and we think it could not the former. In each of the above cases the court said:

"The attempt made, in this case, to anticipate the actual time of presenting and filing the appeal, by entering an order nunc pro tunc, does not help the case. When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter."

And so here, if by "a simple order of court" the date of the judgment could be postdated for the purpose of rendering the taking of an appeal seasonable, "the law which limits the time within which an appeal can be taken would be a dead letter."

"The court had no power to allow it [the appeal] after the time limit had expired" (Old Nick Williams Co. v. United States, supra, 215 U.S. 541, at page 545, 30 S.Ct. 221, 223, 54 L.Ed. 318) either by antedating the allowance or postdating the judgment.

The appeal is dismissed for want of jurisdiction.