**SHREINER et al. v. FARMERS' TRUST CO. OF LANCASTER.***

No. 6288.

Circuit Court of Appeals, Third Circuit.

July 13, 1937.

*Writ of certiorari denied 58 S.Ct. 36, 82 L.Ed. ——.

John N. Landberg, of Philadelphia, Pa., for appellants.

Charles L. Miller, of Lancaster, Pa., and Harold Evans, of Philadelphia, Pa. (MacCoy, Brittain, Evans & Lewis, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order vacating a restraining order of the District Court which permitted the delivery of a deed to the Farmers' Trust Company of Lancaster, Pa., hereinafter called the Trust Company.

On August 11, 1931, Clayton R. Shreiner and Mabel K. Shreiner, his wife, executed a mortgage on their farm to the Trust Company for $6,500, payable on April 1, 1932, with interest at the rate of 5½ per cent. They failed to pay the principal on April 1, 1932, and the interest on April 1, 1933. The Trust Company on July 17, 1934, caused to be issued the writ of fieri facias to sell the real estate. On August 9, 1934, before the sheriff's sale, the appellants' filed a petition for composition and extension under section 75 (a–r) of the Bankruptcy Act of July 1, 1898, as amended March 3, 1933, and June 7, 1934 (47 Stat. 1470, 48 Stat. 925, 11 U.S. C.A. § 203 (a–r). The cause was referred to Martin A. Musser of Lancaster county as conciliation commissioner. The District Court entered an order against the creditors of the appellants restraining them from selling or obtaining liens upon the real estate or other property owned by the appellants.

On July 9, 1935, after the Supreme Court (Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106) had declared the Frazier-Lemke Act (11 U.S.C.A. § 203 note) unconstitutional, upon consent of all parties in interest, the District Court vacated the restraining order. On July 15, 1935, the conciliation commissioner filed his report stating that the debtors had been unable to effect a composition or extension and after notice to their attorney the court on July 22, 1935, dismissed all proceedings under section 75. On August 16, 1935, the farm in question was sold by the sheriff and was bought in by the mortgagee's attorney on

the writ for. the costs of execution, which were paid to the sheriff on August 29, 1935.

The second Frazier-Lemke Act was approved on August 28, 1935 (11 U.S.C.A. § 203), and on the following day the appellants filed a petition to have the original proceedings reinstated under section 75 of the Bankruptcy Act, and on September 6 the petition was granted and a new order entered restraining the sheriff from executing and delivering his deed for the farm to the purchaser. On that same day the proceedings were again referred to Musser. On August 31, 1935, the court modified its restraining order so as to permit the sheriff to execute and deliver his deed to the purchaser. The appellants filed a motion for reargument which was denied. On May 27, 1936, they filed a petition for rule to show cause why appeal in forma pauperis should not be allowed. Upon the return day with the consent of all parties the petition was treated as an appeal and the case was argued upon the merits.

 The appellee urges the dismissal of the appeal on the ground that it was not applied for nor granted within the time allowed for taking appeals from orders in bankruptcy. Section 24, clause c, as amended (11 U.S.C.A. 47(c), provides that "all appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered." In this case the petition for rule to show cause, which was treated as an appeal, was not applied for within thirty days after the order which it seeks to reverse. The time for appeal expired thirty days after April 18, 1936, and the petition for rule to show cause was not presented until ten days after the expiration for the time for an appeal. Where an appeal is not filed within thirty days, as provided by the act, the court is without jurisdiction. The time cannot be extended by agreement of the parties nor by the court. Old Nick Williams Company v. United States, 215 U.S. 541, 30 S.Ct. 221, 54 L.Ed. 318; Broders v. Lage (C.C.A.) 25 F.(2d) 288; Clements v. Conyers (C.C.A.) 31 F. (2d) 563.

 The appellee further urges that the appeal should be dismissed for the reason that the appellants have not complied with the provisions of the new Frazier-Lemke amendment, subsection (s) of section 75 of the Bankruptcy Act (11 U.S.C.A. § 203(s), which gave them the right to file a petition asking to be adjudged bankrupts, for the appointment of an appraiser to appraise their property, and for a restraining order of the sale of the property for a period of three years. After the passage of this new subsection, the only thing the appellants did was to file a petition asking for a reinstatement of the proceedings and a restraining order. It appears that the appellants were unable to secure the consent of the creditors to the plan of composition and extension. In the matter of Randall, Bankrupt (decided May 25, 1936), Judge Schoonmaker held that the title to all the debtor's property passed out of the debtor at the time of the sheriff's sale, even before the acknowledgment of the deed and was complete in the purchaser, and that thereafter the debtor had no equity of redemption in the property. Consequently after the sheriff's sale the bankruptcy court had no jurisdiction over the mortgaged premises.

The appeal is dismissed.