**UNITED DRUG CO. et al. v. HELVERING,**
Com'r of Internal Revenue.
No. 25.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1940.

Holt S. McKinney, of New York City (Richard K. Hines and Marion and W. Smith, both of New York City, of counsel), for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

This appeal comes up upon a petition to review an order of the United States Processing Tax Board of Review, denying the petitioners' claim for a refund of processing taxes. The order was made on October 11th, 1938, and a copy was mailed to the petitioners on the same day. On January 3rd, 1939, they filed in the office of the clerk of the Board their petition, addressed to the "Judges of the United States Circuit Court of Appeals for the Second Circuit"; and on the 4th they served notice of the filing upon the chief counsel of the Bureau of Internal Revenue. On January 5th, 1939, they filed a praecipe with the clerk of the Board, and on January 25th, 1939, the original record in the office of the clerk of this court, who refused to accept it till the fee was paid which was done on February 3rd, 1939. The respondent has suggested that we have no jurisdiction. The appeal is governed by § 906 (g) of the Revenue Act of 1936, 7 U.S.C.A. § 648(g), the important part of which is copied in the margin. [1] Although this stat-

---

[1] "A review of the decision of the Board, made after the hearing provided in this section, may be obtained by the claimant or Commissioner by filing a petition for review in the Circuit Court of Appeals of the United States within

ute expressly prescribes that the petition for review must be filed "in the Circuit Court of Appeals" for the proper circuit, the petitioners argue that it is satisfied if the petition is merely addressed to the court, and that place of filing is left at large, apparently at the petitioner's discretion. This is very plainly untenable. Not only does the second sentence of the section require the petitioner to serve "a copy of such petition * * * upon the Board", but the third sentence requires the Board to "certify and file" the transcript "in the court, in which such petition has been filed". The preposition, "in", in the clause, "in the Circuit Court of Appeals", can therefore only have been meant to fix the place where the petition is to be filed; it would be absurd to serve the Board with a paper which it already had, and it would be impossible to file the transcript in the court where the petition had been filed, if no petition had been filed there. ·It would seem unnecessary to labor such truisms.

The statute providing for appeals from the Board of Tax Appeals (§§ 641(c) (2), 642, of Title 26 U.S.C., 26 U.S.C.A. §§ 641(c) (2), 642) is different; it does not prescribe the place where the petition is to be filed, which it leaves to be fixed· by rules of the circuit courts of appeals; and our own Rule XXXVI (3) requires the petition to be filed with the clerk of the Board, as do those of several other circuits. The Judicial Conference of Senior Circuit Judges in 1936 did indeed recommend that each circuit court of appeals should provide that the procedure in petitions for review in processing tax cases should be the same as in ordinary tax cases; and several of those courts have so enacted, though we have not; our rule (No. XIV) merely makes applicable to administrative proceedings the general rules governing appeals, "so far as applicable". The resolution of the Conference was in this detail erroneous; it inadvertently failed to observe that the ordinary practice on appeals from the Board of Tax Appeals could not be taken over pro tanto. If we had followed the resolution, we should have been obliged to declare our rule invalid, since the question is too plain for interpretation in the contrary sense. We do not hold that if the petitioners had filed the record in this court within the time limited by the section, the certified copy of the petition for review might not have been the equivalent of the original (Crump v. Hill, 5 Cir., 104 F.2d 36); we assume so arguendo, but they filed no paper of any sort until January 25, 1939, two weeks after their time had expired. Clearly they did not comply with § 906(g).

■ The method of appeal there prescribed has apparently become rather common in cases involving administrative orders, as appears from the citations in the margin;[2] but no court has as yet deliberately passed upon the effect of failing seasonably to file any paper in the circuit court of appeals, although the Seventh Circuit is said to have ignored the point sub silentio in F. & F. Laboratories v. Commissioner, 7 Cir., 104 F.2d 563. Unless all earlier precedents are to be disregarded, this kind of appeal dates only from the moment when the petition, which is the originating paper, is lodged in the court which the law prescribed. It should make no difference that the statute makes this the upper court instead of the lower, as is the practice in actions or suits. So far as we can find, there has in modern times been no disposition to relax the strictness of this requirement that something must be done in the proper court to indicate an

any circuit wherein such claimant resides, or has his principal place of business, or, if none, in the United States Court of Appeals for the District of Columbia, or any such court which may be designated by the Commissioner and the claimant by stipulation in writing, within three months after the date of the mailing to the claimant and the Commissioner of the copy of the findings and decision of the Board. A copy of such petition shall forthwith be served upon the Commissioner or upon any officer designated by him for that purpose, or upon the claimant, according to which party files such petition, and upon the Board. Thereupon the Board shall certify and file in the court, in which such petition has been filed, a transcript of the record upon which the findings and decision complained of were based. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm the decision of the Board, or to modify or reverse such decision, if it is not in accordance with law, with or without remanding the cause for a rehearing, as justice may require."

[2] 15 U.S.C. §§ 45(c), 77i(a), 78y(a), 79x(a), 21, 15 U.S.C.A. §§ 45(c), 77i(a), 78y(a), 79x(a), 21; 29 U.S.C. § 160(f), 29 U.S.C.A. § 160(f); 16 U.S.C. § 825*l* (b), 16 U.S.C.A. § 825*l*(b); 19 U.S.C. § 81r, 19 U.S.C.A. § 81r.

intent to review. Rule 73(a), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, for example, appears to mean that, if the notice of appeal is not filed in the district court within the proper time, the right is irretrievably lost, though other irregularities may be condoned. Any latitude accorded has been towards disregarding formal defects in the paper actually filed in the right place (Mutual Life Insurance Co. v. Phinney, 178 U.S. 327, 336, 20 S.Ct. 906, 44 L.Ed. 1088; Crump v. Hill, supra); and the Supreme Court has again and again thrown out appeals where no such paper has been filed. Brooks v. Norris, 11 How. 204, 13 L.Ed. 665; Mussina v. Cavazos, 6 Wall. 355, 18 L.Ed. 810; Scarborough v. Pargoud, 108 U.S. 567, 2 S.Ct. 877, 27 L.Ed. 824; Polleys v. Black River Co., 113 U.S. 81, 5 S.Ct. 369, 28 L.Ed. 938; Credit Company v. Arkansas Central Railway, 128 U.S. 258, 98 S.Ct. 107, 32 L.Ed. 448; Farrar v. Churchill, 135 U.S. 609, 612, 613, 10 S.Ct. 771, 34 L.Ed. 246; Old Nick Williams Co. v. United States, 215 U.S. 541, 30 S.Ct. 221, 54 L.Ed. 318.

It is true that in Jarowski v. Hamburg-American Packet Co., 2 Cir., 186 F. 332, we held that the appellee might lose his right to raise the point. The circumstances were very unusual; the plaintiff had been beaten below, and had allowed her time to appeal to pass under a written stipulation of the defendant purporting to extend it. The appeal was nevertheless heard and the judgment reversed, 2 Cir., 182 F. 320, the defendant not suggesting our lack of jurisdiction. On a new trial the plaintiff recovered judgment; and thereupon the defendant moved without appeal to vacate all proceedings in this court, as being non coram judicibus. That we denied; the defendant renewed the motion and we denied that also. The defendant's argument presumably was that no lapse of time could cure the fact that we had never had jurisdiction, and that we should correct our records. It is indeed hard to see quite what the answer was to that position; but the provocation was extreme, and it is clear that the scurvy, if not positively dishonest, conduct of the defendant was more than the court could bear. The decision has never since been cited, and, assuming that it is valid, it does not control here in any event, because the respondent did nothing affirmative to mislead the petitioners. The only other case to which we are referred, where a court has refused to take the point, is United States v. Todar, 7 Cir., 41 F.2d 146, and there, as we understand it, rather than dismiss the appellant without a hearing, the court affirmed the judgment on the merits. It is true that at times that practice has been followed ex misericordia, but the proper disposition should even then always be a dismissal, for it is clear that the court would be powerless to reverse. The general doctrine that courts are bound to refuse sua sponte to assume a jurisdiction not conferred upon them, applies as well to circuit courts of appeals as to the Supreme Court. United States v. King & Howe, 2 Cir., 78 F.2d 693; In re Perlman, 7 Cir., 68 F.2d 729; Osborn v. United States, 4 Cir., 50 F.2d 712.

Petition dismissed.