## FELTON v. FLORIDA EAST COAST RY. CO. et al.

District Court, S. D. New York.
June 14, 1948.

William Paul Allen, of New York City (Samuel T. Gaines, of Cleveland, Ohio, of counsel), for plaintiff.

Bleakley, Platt, Gilchrist & Walker, of White Plains, N. Y. (Dennis P. Donovan, of New York City, of counsel), for defendants.

COXE, District Judge.

This is a motion by the defendants for an order directing that the time within which the defendants may serve and file a notice of appeal extends to and including June 13, 1948, or, in the alternative, to and including July 14, 1948.

The action is for damages for personal injuries alleged to have been sustained by the plaintiff while in the employ of the defendants. The trial was had before a jury in the fore part of April 1948, and resulted in a substantial verdict for the plaintiff. The judgment on the verdict was entered on April 14, 1948, and the defendants did not file a notice of appeal within thirty days thereafter, as required by Amended Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which became effective on March 19, 1948. This Amended Rule cut down the time within which such an appeal might be taken from three months to thirty days, and insofar as applicable reads as follows:

"(a) When and How Taken. When an appeal is permitted by law from a district court to a circuit court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, * * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeeding 30 days from the expiration of the original time herein prescribed."

The Clerk's Docket contains an entry that notice of the entry of the judgment was mailed on April 14, 1948, and it was admitted by counsel for the defendants on the argument that he had knowledge of the judgment at the time it was entered.

The only explanation given by the attorneys for the defendants for their failure to appeal within thirty days is that they did not know of the amendment to Rule 73(a) reducing the former statutory period of three months, 28 U.S.C.A. § 230,

to thirty days, and they now request the court to extend their time because of the manner in which the time to appeal was shortened by amendment of the Rule instead of by amendment of the Statute. Clearly, there is no merit in this contention, nor is there any showing of excusable neglect, as prescribed by the Rule itself.

It was well settled prior to the amendment of Rule 73(a) that the time to take an appeal could not be extended by waiver or consent of the parties, or even by order of the court. Credit Co. v. Arkansas Central Railway Co., 128 U.S. 258, 261, 9 S.Ct. 107, 32 L.Ed. 448; Old Nick Williams Co. v. United States, 215 U.S. 541, 30 S.Ct. 221, 54 L.Ed. 318; United Drug Co. v. Helvering, 2 Cir., 108 F.2d 637. To the extent now authorized by the amendment there may be an extension by order of the court for excusable neglect, but other than that there is no authority to extend the time. Rule 86(b) may not be resorted to in order to help out the defendants.

The motion of the defendants is in all respects denied.