**RAY et al. v. MORRIS et al.**

No. 9652.

United States Court of Appeals
Seventh Circuit.

Nov. 11, 1948.

Frederick J. Hertz and Harry Shriman, and Schwartz, Allen & Shriman, all of Chicago, Ill., for plaintiffs-appellants.

Frank G. Marshall and Charles D. Stein, and Marshall & Marshall, all of Chicago, Ill., for defendants-appellees.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

PER CURIAM.

Plaintiffs brought an action to recover damages under § 205 of the Housing and Rent Act of 1947, Public Law 129, 80th Congress, 50 U.S.C.A.Appendix, § 1895, and under the Rent Regulation for Housing (12 F.R. 4331). Defendants moved to dismiss the complaint on the ground that the housing accommodations in question were exempt from the provisions of the Act. The motion was sustained, the cause was dismissed, and judgment was entered

against plaintiffs for costs. To reverse the judgment, plaintiffs appealed.

The appeal in this case was docketed in this court on July 2, 1948, and on July 26, 1948 defendants moved to dismiss the appeal on the ground that we lacked jurisdiction because of appellants' noncompliance with Rule 73(a) of the Federal Rules of Civil Procedure as amended, 28 U.S. C.A., effective March 19, 1948. See 329 U.S. 839, 866, 875.

The facts appearing from the record are: March 29, 1948 the complaint was dismissed and judgment was entered against plaintiffs. April 5, 1948 plaintiffs' motion to vacate the order of dismissal was denied. May 24, 1948 plaintiffs' notice of appeal was filed.

Rule 73(a) as amended provides: "When an appeal is permitted by law from a district court to a circuit court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, * * *."

Appellant points to Rule 86(b) where it is provided that the amended rules govern in actions then pending, "except to the extent that in the opinion of the court their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies," and makes the point that in the circumstances of this case, this court should apply the rules in such a manner so as to enable us to consider the case on its merits. The factors called to our attention are, the scarcity of authorities dealing with the problems of the Housing Expediter's functions under the Act of 1947, the number of parties plaintiff (16 in this case), and that no adverse parties have been misled or prejudiced by the filing of the notice of appeal.

To be sure, rules of practice and procedure are devised to promote the ends of justice and should be liberally construed, but the courts have repeatedly held that an appeal is granted to the losing party on condition that he complies with the statute permitting an appeal; that an appellant must be held to have known of the existence of the statute; and that the requirements of the statute are jurisdictional and cannot be avoided. Mosier v. Federal Reserve Bank of New York, 2 Cir., 132 F.2d 710.

In this case plaintiffs knew of the entry of the judgment which was entered ten days after the effective date of the rule. The appeal was not filed until 56 days after the date of the judgment and 49 days after the court denied plaintiffs' motion to vacate the order of dismissal. Under these circumstances it cannot be said that the application of the thirty-day period for the filing of a notice of appeal was not feasible or that it worked an injustice to appellants. Compare McAllister v. Cosmopolitan Shipping Co., 2 Cir., 169 F.2d 4; and Felton v. Florida East Coast Ry., D.C., 8 F.R.D. 232.

However much we regret it, we must allow the motion.

Appeal dismissed.