James **THOMPSON**

v.

**TRENT MARITIME COMPANY, LTD., Appellant,**

v.

**B. H. SOBELMAN & CO., Inc., Third-Party Defendant.**

No. 14913.

United States Court of Appeals Third Circuit.

On Motion to Dismiss Appeal Oct. 5, 1964.

Decided March 29, 1965.

Thomas F. Mount, Rawle & Henderson, Philadelphia, Pa., for appellant.

Francis E. Marshall, Philadelphia, Pa., for appellee B. H. Sobelman & Co., Inc.

Before KALODNER, GANEY and FREEDMAN, Circuit Judges.

GANEY, Circuit Judge.

This matter comes before the court on the appellee-third-party defendant's motion to dismiss the appeal of the defendant taken on April 10, 1964, from the denial of his motion for a new trial on October 10, 1963.

The history of the litigation is as follows: On October 1, 1959, the plaintiff, James Thompson, filed a complaint in the United States District Court for the Eastern District of Pennsylvania, alleg-

ing therein, unseaworthiness on the part of the defendant-owner, due to inadequacy of the stowage conditions on the vessel, and negligence in failing to supply a safe place to work in the course of his employment, as a result of which he was struck with dunnage from which he sustained substantial injuries. The defendant then joined the stevedoring company, B. H. Sobelman & Co., Inc., as third-party defendant on the theory of indemnity over. On May 7, 1963, after trial, the jury returned a verdict in favor of the plaintiff, against the defendant, in the sum of $22,500, and in favor of the third-party defendant the appellee, in the suit against it by the third-party plaintiff and judgment was entered thereon the same day. On May 9, 1963, the defendant filed a motion to set aside the judgments entered, as well as a motion for a new trial, both in the primary case against it by the plaintiff and also in the third-party action by it against the third-party defendant. On October 4, 1963, the court entered an order denying both motions of the defendant, but on October 10, 1963, entered an order amending the previous one of October 4, 1963, which read as follows:

"[T]he defendant's motion for new trial in the original action will be granted as to the issue of damages only in the event that the plaintiff fails to remit all of the damages above the sum of $15,000 * * * within ten days * * *.

"IT IS FURTHER ORDERED that the defendant's motions to set aside the judgments in favor of the plaintiff and the third-party defendant are denied, and further that the motion for new trial as to the third-party defendant is denied." 222 F.Supp. 221, 225.

The plaintiff failed to accept the remittitur and proceeded to trial on the question of damages only, on March 16, 1964, in which the jury returned a verdict in the amount of $10,000 on March 18, 1964. On April 7, 1964, the plaintiff appealed from the judgment entered on this verdict as follows:

"Notice is hereby given that James Thompson, plaintiff in the above captioned action, hereby appeals to the United States Court of Appeals for the Third Circuit from the judgment entered on March 18, 1964; and in addition thereto, the order of October 4, 1963, as amended on October 10, 1963, in which the court required the plaintiff to file a remittitur to $15,000 or suffer a new trial on the issue of damages."

On April 10, 1964, the defendant filed a notice of appeal as follows:

"Notice is hereby given that the Trent Maritime Company, Ltd., and third-party plaintiff, hereby appeals to the United States Court of Appeals for the Third Circuit from the judgment of B. H. Sobelman & Co., Inc., third-party defendant, entered on May 7, 1963, and shall become final for purposes of appeal on March 18, 1964, by reason of entry of judgment in favor of the plaintiff against the defendant."

It is with the third-party defendant's motion to dismiss this appeal, as being untimely, that we are herewith concerned, as it is to be noted that neither the plaintiff nor the defendant filed motions for new trial on the judgment entered on March 18, 1964.

■■ There can be no question that an appeal from the judgment of a district court must be taken to this court within thirty days, pursuant to Rule 73 (a) of the Federal Rules of Civil Procedure.[1] This time is not to be extended beyond the period fixed, except for fraud,

---

1. Rule 73(a) of the Federal Rules of Civil Procedure reads as follows:

"(a) When and How Taken. When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law * * *. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enu-

deception, coercion or duress. Old Nick Williams v. United States, 215 U.S. 541, 30 S.Ct. 221, 54 L.Ed. 318. Since a final judgment of a court not appealed from within thirty days is conclusive against a party, further consideration therefore elicits the inquiry, in our instance, as to whether the judgment entered on May 7, 1963, in accordance with the verdict of the same day, was a final judgment, so as to be appealable. If so, defendant's appeal on April 10, 1964, is not timely, and if it was not a final judgment at the time, the appeal of April 10, 1964 will be timely.

In making this determination, we must take into consideration Rule 54(b) of the Federal Rules of Civil Procedure, amended in 1946 to take effect in 1948, which reads as follows:

"(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Here, there was no express determination on the part of the court to indicate that the judgment entered in favor of the third-party defendant-appellee, B. H. Sobelman & Co., Inc., was a final judgment.

The contentions here of the third-party defendant-appellee are that (1) the judgment in favor of the third-party defendant was a final judgment under 28 U.S.C.A. § 1291,[2] since it was reached after trial by jury and there should have been an appeal by the defendant within thirty days from the denial of his motion to set aside the judgment and for a new trial filed on May 9, 1963, and (2) that Rule 54(b) of the Federal Rules of Civil Procedure is not applicable to the instant case, since that rule was meant to govern only judge-made court orders and was not meant to apply to judgment entered upon a jury verdict under 28 U.S.C.A. § 1291.

■ Concerning this latter contention, extensive research by all counsel in the case and by this court has revealed no cases which make the distinction contended for by the third-party defendant-appellee and it is submitted that, under the language of Rule 54(b) wherein it refers to "any order or other form of decision, however designated", is inclusive of jury verdicts, as well as court orders.

■ As to the first contention, it has been held that, absent a valid "express determination" which would allow

---

merated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59."

2. 28 U.S.C.A. § 1291 reads as follows: "§ 1291. *Final decisions of district courts.* The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, * * *, except where a direct review may be had in the Supreme Court."

an appeal, silence with respect thereto, has been construed as an equivalent to an express reservation of power by the trial judge that his order is subject to his own recall at any time before the end of the entire litigation. Republic of China v. American Express Co., 2 Cir., 190 F.2d 334. Furthermore, there can no longer be any doubt that Rule 54(b) in any wise limits or detracts from a final judgment, as set forth in 28 U.S.C.A. § 1291, supra, nor does it supersede any statute controlling appellate jurisdiction for, as stated in Sears Roebuck & Co. v. Mackey, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297, "It scrupulously recognizes the statutory requirement of a 'final decision' under § 1291 as a basic requirement for an appeal to the Court of Appeals. It merely administers that requirement in a practical manner in multiple claims actions and does so by rule instead of by judicial decision." It attempts to make a reasonable accommodation between the policy limiting the normal jurisdiction of courts of appeal to reviewing final judgments as set out in 28 U.S.C.A. § 1291, supra, and those problems of the timing of the review which have been accentuated by the liberalized joinder of claims, counterclaims and third-party actions in one law suit, as has been permitted and encouraged by the present Rules of Civil Procedure.

Likewise, it is plain that the denial of the defendant's motion for a new trial, in the primary action, which denial limited the same to a determination of damages only precluded the order from being final and appealable. Tye v. Hertz Drivurself Stations, 173 F.2d 317 (3rd Cir.); Kales v. United States, 115 F.2d 497 (6 Cir.).

It is the defendant's contention that it could not appeal the denial of its motion entered on the judgment of October 10, 1963, rendered against it in the third-party action, by reason of the fact that its right over against the third-party defendant was anchored in a final judgment against it is the primary action and that, therefore, the first opportunity it had to appeal was on March 18, 1964, when judgment was entered on the verdict of $10,000. More explicitly, the defendant, the third-party plaintiff contends that if it had taken an appeal in the third-party action within thirty days of the denial of its motion for judgment n. o. v. on May 9, 1963, this court would have been called upon to decide something which, at that time, could possibly have become moot later on. This, because upon a hearing of the defendant's appeal from the denial of its motion for judgment n. o. v. on May 9, 1963, in the primary action—which had yet to be heard since it was precluded from appealing, as adverted to above, by the lower court's order of October 10, 1963— there could have been a later reversal of that judgment in favor of the defendant and, therefore, there would have been no grounds for the defendant's present appeal. Though the defendant chose not to press its appeal within thirty days after March 18, 1964, from the denial on May 9, 1963, of its motion for judgment n. o. v. in the primary action, it could have so done, as adverted to above. We must then examine the situation in the light of the status of the entire case at the time the third-party defendant now insists an appeal by the defendant should have been taken. We agree with the defendant's contention. Thus, we can now see, in the state of the record then obtaining, the court would have dismissed the appeal and made the defendant, the third-party plaintiff, await the outcome of the primary action, calling into play Rule 54(b) to avoid piecemeal litigation, as indicated in the cases now to be discussed.

In the determination of whether the appeal by the defendant herein is timely, two cases especially warrant consideration, Panichella v. Penna. R.R. (Warner Brothers Pictures, Inc.), 252 F.2d 452, 455, and Knox v. United States Lines, 3 Cir., 294 F.2d 354.

In Panichella v. Penna. R.R. (Warner Brothers Pictures, Inc. (supra, the plaintiff sued the Pennsylvania Railroad in a negligence action which, in turn, brought Warner Brothers on the record as a third-party defendant. Both Warner Brothers and the Pennsylvania Railroad

filed motions for summary judgment, Warner Brothers on the basis that it had been released by Panichella from all liability in connection with his injuries. The motion was granted as to Warner Brothers in the third-party action by the Pennsylvania Railroad, but was denied in the primary action by Panichella against the Pennsylvania Railroad. The district court, acting under Rule 54(b), made "an express determination" that there was no just reason for delay in entering forthwith an appealable judgment rather than leaving the question of liability over for appellate review with all other contested matters after disposition by trial of the entire litigation. On appeal, the judgment of the district court was reversed, the appellate court holding that the third-party claim was so incidental to, and dependent upon, the principal claim, that there could be no recovery upon the third-party claim, unless the plaintiff should prevail on his claim against the defendant. The reasoning of the court was that the third-party action could become moot if the primary action of Panichella against the Railroad Company was decided against Panichella at trial, and in not hearing this appeal, it could possibly be saving wasted time and if Panichella was successful, the whole matter could be heard in one appeal. Also, since Panichella was not a party to the appeal, the effect of the release by Warner Brothers to him would not be res judicata between the Railroad and Panichella. This case, even in the face of an express determination by the lower court that the third-party action was appealable, held that the disposition of the primary action was a requisite before the third-party suit could be disposed of unless a real hardship would result. Though the third-party action here was not in connection with a motion for summary judgment, the underlying legal principles in the disposition thereof are equally applicable to the situation in the instant case, the avoidance of piecemeal litigation in conformity with Rule 54(b).

To like effect is Knox v. United States Lines, supra, where, together with Pani-

chella, supra, appellant goes to great lengths in an attempt to differentiate both from the instant case. In this case, a verdict was rendered and judgment entered for the defendant is a suit by the plaintiff for negligence and unseaworthiness and the court thereupon dismissed the action as to the third-party defendant. The plaintiff filed a motion for a new trial and thereupon the defendant filed a precautionary motion to set aside the judgment of dismissal entered in his favor and requested a new trial in the third-party action in the event a new trial was granted in the original action. The court denied the plaintiff's motion for a new trial, but did nothing by way of disposing of the defendant's precautionary motion. On appeal, the court held the undecided precautionary motion for a new trial prevented the judgment on the third-party claim from being final and under Rule 54 (b) the pendency of the third-party action prevented judgment on the principal claim from being final. It stated, 294 F. 2d at p. 360, "Moreover, the disposition of only one of these motions could not make the judgment on either claim final because, under Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A., in litigation involving multiple claims judgment on one claim cannot become final until final disposition of all claims. * * *" It is to be remembered that the precautionary motion was only made in the event that the lower court should decide that a new trial might be granted which, however, the lower court denied. It is submitted this is indicative of how strongly this court feels that piecemeal litigation is to be avoided and stated, 294 F.2d at p. 360, "Although the foregoing analysis is highly technical, we think it is unavoidable and controlling."

Accordingly, since no "express determination" was made by the court below in compliance with Rule 54(b) and, under the factual circumstances here obtaining, while the precise point, as counsel states, has never been ruled upon, we think the defendant's appeal from the order denying its motion for a new trial in the third-

party action is timely and, accordingly, appellee's motion to dismiss will be denied.

KALODNER, Circuit Judge (concurring).

I believe that the determination of the issue of appealability should await argument on the appeal when the Court will have before it the wider aspects of the case with respect to all the parties.

Since the issue here goes to the jurisdiction of this Court, which may always be inquired into, for me the decision of the Court at this time preserves until the argument on the appeal the issue of our jurisdiction, as to which I have grave doubt.